### HATCH & PARTRIDGE vs. COLEMAN.

The lien given by the act of April 16, 1852, " for the better security of mechanics and others erecting buildings and furnishing materials therefor," in certain counties enumerated therein, does not extend to a case where, without any express contract on the subject, lumber merchants furnish to a person who is building a house and barn for himself, lumber, which is used by him in the erection of his buildings. SHANKLAND, J. dissented.

Such lien is only given to the material-man when the materials have been delivered in pursuance of a previously existing contract with the owner of the building, or with the contractor for erecting the same.

The act of 1852 has no application to a case where the materials are furnished to a person who is erecting his own building, or altering or repairing the same.

APPEAL, by the defendant, from a judgment entered at a special term. The material facts appear in the opinion of the court.

MASON, J. This is a proceeding instituted under chapter 384 of the law of 1852, entitled "an act for the better security of mechanics and others erecting buildings and furnishing materials therefor," in certain counties enumerated therein, passed April 16, 1852. (*Laws of* 1852, *p.* 611.) The judgment recovered by the plaintiffs cannot be sustained, upon the evidence in the case, for the reason that there is no evidence to show that the materials delivered by the plaintiffs to the defendant were furnished by virtue of any contract with the defendant or his agent. All that the evidence in this case shows is that the defendant was building a house and barn, and that the plaintiffs, who are lumber merchants, delivered to the defendant a certain quantity of lumber, which was used by the defendant in the erection of his buildings. The only liability of the defendant, upon the evidence, is one of implied assumpsit. The lien given by this act does not extend to such a case. It is only given to the material-man, when the materials have been delivered in pursuance of a previously existing contract with the owner or with the contractor for erecting such building. This is apparent from the whole scope of the act. The first section only gives the lien to a person who shall, by vir-

tue of any contract with the owner thereof, or his agent, or a person who, in pursuance of an agreement with any such contractor, shall, in conformity with the terms of said contract, furnish materials in building, altering or repairing any house or other building or appurtenances, &c. The section would seem to limit the lien to a person who shall furnish the materials, while the person furnishing the materials is engaged in putting up the building, or altering or repairing the same; or to a person who shall furnish materials to a contractor for putting up, altering or repairing such building; and such is the plain reading of the section. The act has no application to the case of a person who shall furnish materials to a man who is building his own house, or altering or repairing the same; and it is very clear that the lien is only given where the materials are furnished in pursuance of a previously existing contract. This is most manifest from reading the second, third, fourth and fifth sections of the act. When the person who furnishes the materials is himself putting up, altering or repairing the building, he is not required to furnish any specification, in writing, of the amount of materials furnished, in order to secure his lien. But if the materials are furnished, not to the owner, but to a contractor for putting up, altering or repairing the same, he must furnish to the owner a specification, in writing, of the amount of materials furnished such contractor, together with the prices agreed to be paid therefor; and this specification must be personally served on the owner, or his agent, within twenty days after the materials are furnished, else no lien shall attach to said building. The fourth section shows that the act only embraces cases where the materials have been furnished in pursuance of a contract; as the right given to enforce the lien is limited to materials furnished in pursuance of a contract, and requires the party, if the contract be in writing, to produce the contract to the court, or the best evidence of it in his possession; and it expressly requires him to establish the contract before the court in which he may bring his suit. And the same section de-

clares that if the contract be not in writing, he shall produce evidence to establish the value of such materials, and that the same has been furnished according to the provisions of the contract made with such owner or his agent. And the fifth section, which gives the right to enforce the lien where the materials have been furnished to a building contractor instead of the owner, expressly limits it to cases where the materials have been furnished in pursuance of a contract.

And there is, in fact, no necessity that the lien should be extended beyond this; for where the materials are furnished either to the owner or building contractor, without any existing contract, he may require payment as he furnishes them. He is under no obligation to furnish any, only as he receives his pay as he goes along. And in the case at bar, as the plaintiffs were under no obligation to furnish these materials to the defendant, they might have required payment from the defendant for each load of the lumber as the same was delivered. There is no binding contract in the case. The defendant was erecting his own building, and the plaintiff was under no obligation to furnish him with any materials. And the plaintiff cannot enforce the lien which he claims, for two reasons: in the first place the materials were not furnished in pursuance of any contract; and in the second place the act has no application to a case where the materials are furnished to a man who is erecting his own building, or altering or repairing the same. It will not do to imply a previously existing contract, from the fact that the materials are furnished. It is true the law will raise an implied assumpsit to pay, but it will not go so far as to raise the presumption that they were furnished in pursuance of a previously existing contract to furnish them; and the fourth section of the act shows most clearly that such was not the intent of the act, as it limits the right to enforce the lien to cases where the materials are furnished in pursuance of a contract, and requires the contract to be produced or established by the best evidence in the possession of the party; and if not in writing, it requires the contract

to be established by evidence, and that it be shown the materials were furnished in pursuance of it.   The amendment of 1853, chapter 413, (*Laws of* 1853, *p.* 809,) is equally explicit to show that the scope of the act is limited to this extent.   The amendment reads as follows:   "Any person who, in pursuance of an agreement with such contractor, shall, in conformity with the terms of said contract, furnish any materials, may serve a specification," &c.   The judgment must be reversed, and a new trial granted, costs to abide the event; as the plaintiffs may, perhaps, establish a contract, upon a re-trial.

GRAY, J. concurred.

SHANKLAND, J. dissented.

Judgment reversed.

[TOMPKINS GENERAL TERM, October 20, 1857.   *Gray, Shankland* and *Mason*, Justices.]