Hause v. Thompson et als.

———— ↔●◦●↔ ————

WILLIAM HAUSE, Plaintiff in Error, v. B. A. THOMPSON, R. F. BRIDWELL, ——— GRABB, AND HENRY L. BROLASKI, Defendants in Error.

*Mechanics' Liens.*—A party seeking to enforce a mechanic's lien upon a building must show that he furnished the materials for the building, under a contract either with the owner of, or the contractor for, the building.

*Error to St. Louis Land Court.*

Thompson purchased lumber from Bridwell & Grabb, in payment of which he accepted orders payable in brick. To satisfy his debt, he purchased brick of Hause, the plaintiff, which were delivered at the buildings erected by Bridwell & Grabb for the defendant Brolaski. Thompson not having paid the plaintiff, he filed his lien, which he sought to enforce by this suit. Thompson was served by publication, and failed to answer. The other defendants answered, denying any contract with the plaintiff for the purchase and delivery of the brick.

At the instance of the plaintiff, the court gave the following instruction:

1. If the court, sitting as a jury, believes from the evidence that Henry L. Brolaski was the owner of the premises described in plaintiff's petition, and that he contracted with R. F. Bridwell, or Bridwell & Grabb, to furnish brick; that said Bridwell contracted with defendant B. A. Thompson to furnish brick under the arrangement made by Bridwell, or Brid-

well & Grabb, with Brolaski ; that said B. A. Thompson pur-chased the amount of brick sued for from plaintiff, and had it delivered by plaintiff at said premises described in the peti-tion, and the same were used in erecting said buildings, and that said plaintiff was never paid for said brick so delivered, then said plaintiff is entitled not only to a general judgment against said B. A. Thompson, but also to a special one against the said buildings, even although it may appear that said de-fendants Bridwell (or Bridwell & Grabb) and B. A. Thomp-son were paid in full for the material so delivered by Bro-laski, the owner ; it, of course, appearing that notice of lien had been duly served, and lien duly filed in time, and suit brought within ninety days after filing the lien.

At the instance of the defendants, the court gave the fol-lowing instructions :

1. In order to recover in this action, and to bind the prop-erty of the defendant Brolaski, it is incumbent upon the plain-tiff to prove that the defendant Thompson was a subcon-tractor under the defendant Bridwell for the erection of, or for the furnishing materials for the erection of the buildings described in the petition, and that the bricks were sold to Thompson and delivered to him upon the credit of the prop-erty accruing, from the fact that said Thompson was the con-tractor for the erection of said buildings, or for the furnish-ing materials therefor.

2. Unless the defendants Bridwell & Grabb were con-tractors under Brolaski either for the erection or for the furnishing of materials for the erection of the buildings in question, and, as such contractors, subcontracted with said Thompson to obtain the brick in question for the specific purpose of being used in the erection of the houses in ques-tion, the plaintiff cannot recover against Brolaski.

3. If the defendants Bridwell & Grabb have not been proven to the satisfaction of the court, sitting as a jury, to have been original contractors under Brolaski, and that said Thompson was a subcontractor under said Bridwell & Grabb

for the furnishing of materials or for the erection of the houses in question, the defendant Brolaski is not liable.

The court gave judgment for the defendants, including Thompson, and plaintiff appealed.

*Peacock*, for plaintiff in error.

*Simmons, Wœrner*, and *Billings*, for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

The instructions given by the court stated the law correctly as applicable to the case made by the pleadings and the evidence, and we see no reason for disturbing the verdict rendered on the issue presented.

The record shows that Thompson bought the materials and received them, and the judgment will be reversed and remanded as to him, with leave to the plaintiff to amend his petition and pursue his remedy against Thompson if he sees proper, and affirmed as to the other defendants. The other judges concur.