WILLIAM HAUSE, Defendant in Error, *v.* JOHN CARROLL, IMPLEADED, &C., Plaintiff in Error.

1. *Mechanic's Lien — Practice.*—A party seeking to enforce a mechanic's lien upon a building, must show that he furnished the materials for the building under a contract either with the owner of, or the contractor for, the building —Hause v. Thompson, 36 Mo. 450.

2. *Practice—Exception—Supreme Court.*—A party cannot present in the Supreme Court a matter of exception not presented in the court below.

*Error to St. Louis Land Court.*

*McClure* and *Wickham*, for plaintiff in error.

The defendant in error in this case is not entitled to a lien against the property of the plaintiff in error, Carroll:

1. For there was no contract between him and Carroll, the owner of the land. The petition and evidence both show that the bricks in question were sold by defendant in error to one Thompson, who had no contract with Carroll, but, on the contrary, sold the bricks as an article of merchandise to Bridwell, and was paid for them; Bridwell afterwards furnished the bricks to Hockham & Fenn, the contractors, and he alone, if any one, is entitled to a lien for them—Porter et al. v. Tooke et al. 35 Mo. 107; Steinmetz v. Boudinot, 3 S. & R. 541; Hills v. Elliot, 16 S. & R. 56.

2. There was no privity of contract between the defendant in error and the plaintiff in error, Carroll. All liens must be founded upon contracts, direct or indirect, express or implied, with the owner of the estate sought to be charged— Clark v. Brown, 25 Mo. 560; Squires v. Fithian, 27 Mo. 138; Harlan v. Rand, 27 Pa. 515; Consociated Pres. Society v. Staples, 23 Conn. 559; id. 637; 17 Wend. 550; 22 Wend. 395; 26 Miss. 126.

3. There is no evidence in the record to show that notice of this lien was given to plaintiff in error, Carroll, at least ten days before the filing of the lien—Heltzell v. Hynes, 35 Mo. 482; Schubert v. Crowley, 33 Mo. 564.

*Peacock,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The point made in this case by the plaintiff in error, as to the sufficiency of the notice, cannot be urged in this court, as no objections were made to it in the court below. There was an averment in the petition, that the statutory notice was given preparatory to filing the lien, and the court, as the trier of the fact, was the appropriate tribunal to judge whether the evidence supported the averment. A party seeking to enforce a mechanic's lien upon a building, must show that he furnished the materials for the building, under a contract either with the owner of, or the contractor for, the building—Hause v. Thompson et al., 36 Mo. 450. There was evidence tending to prove that Thompson, one of the defendants, purchased the bricks of the plaintiff for Carroll's house, and that they were received by the contractors ; but in what capacity he purchased them does not appear by the witness. There was evidence also going to show that he bought them absolutely of the plaintiff, on his own individual responsibility, and then sold them to a man by the name of Bridwell, and received pay for them, and that Bridwell sold them to the contractors, who paid them their full value.

The defendants requested the court to declare the law, that if it, sitting as a jury, found from the evidence that the bricks in question were purchased by defendant Thompson from plaintiff, and sold by said Thompson to defendant Bridwell, and paid for by said Bridwell, and also sold by said Bridwell to defendants Hockham & Fenn (the contractors), then plaintiff has no lien on defendant Carroll's premises in question ; which the court refused to do. We think the instruction should have been given. It is plain, that if the plaintiff sold the bricks to Thompson, on his own private liability, and he sold them to another party, who furnished them to the contractors, the plaintiff is not entitled to a lien on the premises. His contract was with Thompson, and he must look to Thompson for his pay. There was evidence

going strongly to sustain this view of the case, and the defendants were entitled to have it submitted to a jury.

Reversed and remanded. Judge Holmes concurs; Judge Lovelace absent.