JAMES P. BEARD *et al.*, Plaintiffs in Error, *v.* WILLIAM PARKS, Defendant in Error.

1. *Practice, Civil — Action — Account — Justice's court — Statement of account not filed — Exceptions should be taken, when.* — In a suit upon an account, commenced before a justice of the peace and appealed to the Circuit Court, although the record failed to show that "an account or statement of the cause of action" was filed either before the justice or the Circuit Court, yet if no exceptions to the omission or to the rulings of the court, grounded on the defect, were taken in the Circuit Court, the case is not open to review in the appellate court.

*Error to Second District Court.*

*John L. Thomas*, for plaintiffs in error.

*Abner Green*, for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

This suit originated in a justice's court, and is based on an account amounting to $23.60. An appeal was taken from the justice to the Circuit Court, where the case was tried *de novo*, and judgment rendered for the plaintiffs. The case was then taken to the Second District Court, where the judgment of the Circuit Court was reversed, on the ground that the record failed to show that "an account or statement of the cause of action" was filed either before the justice or in the Circuit Court.

The justice's transcript shows that the suit was upon an account for $23.60. Null, one of the plaintiffs, testified that the plaintiffs "did the work charged in the account sued on;"

but the account itself does not appear in the record — the result, probably, of an error of the clerk. However this may be, no exceptions were taken in the Circuit Court to the absence of the account, or to any ruling of the court, grounded upon the supposed defect, and the matter, therefore, was not open to review in the appellate court. There is nothing to indicate any error in this respect on the part of the Circuit Court. (37 Mo. 578 ; 38 Mo. 357.)

Defendant's first instruction was erroneous, in that it made the case turn upon the isolated fact of the defendant's knowledge of the actual existence of the disputed partnership relation of the plaintiffs. If the plaintiffs were partners, and, as such, did the work for the defendant at his request, the defendant's want of knowledge of the existence of the partnership would not of itself defeat the action. The second instruction is defective, in that it assumes the right, on the part of Beard, without the consent of his co-partner, to apply the partnership effects to liquidate his private indebtedness.

It is not perceived that the defendant is harmed by the instruction given for the plaintiff. The counsel of the defendant, in his brief, impliedly admits the facts on which the instruction was predicated, and insists that Beard's indebtedness to the defendant was not a matter of set-off, but was in the nature of a payment by the defendant to Beard & Null, the plaintiffs.

The judgment of the District Court is reversed, and the judgment of the Circuit Court affirmed. The other judges concur.