LAWRENCE BRUCE, Respondent, *v.* GEORGE BERG ET AL., Appellants.

### December 30, 1879.

1. The lien law contemplates running accounts for materials furnished, and one may have a lien for materials furnished under an implied contract.

2. A building was contracted to be finished on September 1st, and stone was furnished on open account by the subcontractor from time to time from May to September 21st, and then, after an interval of four months, the building being apparently complete, stone steps which the architect had refused to accept were by the subcontractor replaced with others, which constitute the last item of the subcontractor's account. *Held*, that this item was sufficiently connected with the others, there being evidence tending to show that all the items were furnished under one contract, express or implied.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

JEFF. CHANDLER, for the appellants : Petition must allege that the materials were furnished under a contract. — Ph. on Liens, sect. 120 ; 55 Ind. 502 ; 45 Ind. 260 ; 4 Gray, 289 ; 29 Barb. 20 ; 36 Mo. 578 ; 40 Mo. 561. That the materials were actually put into the building is not sufficient. — *House* v. *Thompson,* 36 Mo. 450.

C. M. WHITNEY, for the respondent, cited : *Vollmer* v. *Papin, post,* p. —; *Fitzgerald* v. *Thomas,* 61 Mo. 499 ; *Garnett* v. *Berry,* 3 Mo. App. 197.

HAYDEN, J., delivered the opinion of the court.

This is an action brought by a material-man against Berg and his partner, subcontractors ; Eagleson, contractor ; and Crawford, owner of the property against which a special judgment is asked. There was a judgment below enforcing a mechanic's lien, and Eagleson and Crawford have appealed.

It is first contended that the petition is insufficient, as not showing that the materials were furnished under any contract with the subcontractors. By this, evidently, is meant express contract, as it is again contended that the contract must precede the beginning of the work on the building. If by this is meant that no material-man or day-laborer can have a lien under our statute where a special contract has not been made with him before the commencement of the work, the position is obviously untenable. As a matter of course, there must be a contract, express or implied ; and the original contract, to be the foundation of subcontracts, must have some degree of definiteness about it. *Hause* v. *Carroll,* 37 Mo. 578. But the contract need not be an express contract ; nor do the terms of our statute admit of such construction as was put upon the Massachusetts act in *Parker* v. *Anthony,* 4 Gray, 289, or upon the New York law in *Hatch* v. *Coleman,* 29 Barb. 201. Wag. Stats.

907, sects. 1, 5, 11. Our statute clearly contemplates running accounts for materials furnished and work done under implied as well as express contracts. The question of agency, and of the power of a contractor or subcontractor to bind the owner's property by implied contracts of a given extent or kind, is another and distinct question.

Here Berg and his partner had a subcontract for the furnishing of the cut-stone work, and ordered stone of the plaintiff, which the latter furnished at a given rate, but, as he says, "on open account." This account runs from May 4, 1877, to September 21, 1877, inclusive. On appellants' part it was testified that the stone-work of the buildings was completed in July, and that, under the contract, the buildings were to be completed by the 1st of September. It is true, as a general proposition, as said in *Garnett* v. *Berry*, 3 Mo. App. 205, that the contract relation through which a material-man is brought into connection with the owner can have no more enlarged extent than the original contract. But the contract implies what the usual and reasonable custom and course of dealing under it implies, and the time prescribed by the contract may be extended by the owner or his agents. There is evidence here tending to show that the last items, those of September 21st, were furnished then under direction of the architect, who refused to accept certain steps which Berg had put in the buildings; and thus, after the completion, owing to this refusal, new steps were ordered by Berg of the plaintiff, and were substituted. Thus there is evidence tending to show that the delay was attributable to the owner or his agents, who presumably might have detected the defect earlier, and to connect the last item fairly with the previous items, since furnishing the new steps was but the completion of Berg's imperfectly performed obligation.

It was not error for the court below to refuse to give the instruction beginning as follows: "The court instructs the

jury that the owner of the building, Crawford, cannot be held under the mechanic's lien law of this State for any amount in excess of the contract price for building the buildings described in the petition." The owner may make his payments in good faith, and yet be held for more than the contract price, if he makes payments improvidently. If the plaintiff furnished to Berg, the subcontractor, material within that subcontract, for the building, which material was used in it, and duly complied with the law, he is entitled to his lien. The owner and contractor must take notice of the law. There is, indeed, testimony of Berg which tends to show that he ordered some materials entirely outside of the contract, — materials which he had no authority to order, and which were in excess of what the contract called for, — but the testimony is vague, and it is difficult to tell whether it applies to the present materials or to others ordered by Berg, ostensibly under his subcontract, from third persons. At one point Berg says that he gave orders covering the entire amount of stone he put in the buildings, and that these were paid ; that " there was not enough money in the contract to pay for all the material and finish the work." The inferences that might be deduced from this testimony need not here be considered. No instruction was asked, upon this basis, that the court could properly have given.

The fact that the plaintiff furnished the stone in rough to the subcontractors, who received it at their yard, where it was cut, and whence it was taken to the building, does not deprive the plaintiff of his lien. He is, indeed, bound to show that the stone was furnished by him for the building, and this his own testimony tended to show, as did that of Berg its use in the building.

The judgment is affirmed. All the judges concur.