SCHULENBERG AND BOECKLER LUMBER COMPANY, Appellant, v. S. P. JOHNSON, SARAH F. HINDE *et al.*, Respondents.

St. Louis Court of Appeals, December 24, 1889.

**Mechanic's Lien.** One who agrees to furnish materials for a building, and thereon does so, will not be deprived of a mechanic's lien by reason of the fact, that the building was not specified at the time he agreed to furnish the materials, and that he did not then know the location, character or ownership of it.

*Appeal from the St. Louis City Circuit Court.*—Hon. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*R. Schulenberg*, for the appellant.

*M. W. Hough*, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This action was brought in the circuit court upon an account for certain lumber furnished by the plaintiff to the defendant Johnson, and to establish a mechanic's lien against a certain lot with a house thereon, built by

Johnson for the defendants Sarah F. Hinde and John D. Hinde. Other parties interested in the property are made defendants.

At the close of the plaintiff's evidence, the court, trying the case without a jury, gave an instruction, that, on the pleadings and evidence, the plaintiff was not entitled to a mechanic's lien, and the propriety of this instruction is the only question presented for our decision. The ground on which the lien is challenged in this court is that the lumber in question was furnished by the plaintiffs under a contract with the defendant for *a building*, but not for the *particular building*. There was evidence, from which the trier of the fact might have inferred that all the lumber in fact went into the building, against which it is sought to establish the lien. It also shows that, at the time when the plaintiffs agreed to furnish the lumber to the contractor, they understood that it was furnished to go into a building, but that they did not know at that time what particular building it was. In other words, they agreed to furnish the lumber to him for a building, but were not at the date of the agreement cognizant of the location and ownership of the building. The lumber was, however, delivered at the building, sought to be charged with the lien, in successive installments, as required, and nearly all the dray tickets, which were received by the plaintiffs at the time of the successive deliveries, described the place of delivery as "Pine street between Sarah and Boyle—Hinde's house;" so that it would seem that, before the contract had been executed, the plaintiffs were cognizant, in a general way, of the location and ownership of the building for which the lumber was furnished.

A memorandum, made by the learned judge of the trial court at the time of declaring the law as above stated, indicates his view of what the evidence tended to show, and also the ground of his decision. It was as follows:

"In order to entitle a materialman to a mechanic's lien on a building, in the construction of which lumber, furnished by him to the contractor, was used, it is necessary that the materialman should have contracted to furnish the lumber to the contractor to be used on that particular building. It is not sufficient that the materialman contracted to furnish the lumber to the contractor for some building; it must have been furnished for that building. It would perhaps be stating the law too strongly against the materialman, to say that, in order to establish his lien it must appear that he sold the lumber on the credit of the building, for he might perhaps have really in his mind given credit to the contractor, and yet have a lien; but it is essential that, at the time he made his contract, he had in view the particular building, and the burden of proving that is on him. The evidence in this case shows that the plaintiff agreed to furnish the contractor with the lumber in question to be used in a building, but that the plaintiff was not informed, until after making the contract, what building was intended, and then only when directions were given as to where the lumber was to be delivered. It did not appear that plaintiff knew, even when it was delivering the lumber, whose property the building was.

"The proof fails to establish a lien.

"The instruction asked by defendant Hinde to the effect 'that, under the pleadings and evidence, plaintiff is not entitled to a lien' is given."

We think that the court erred in so declaring the law. The statute (R. S., sec. 3172) gives a lien to "every mechanic, or other person, who shall do or perform any work or labor upon, or *furnish any materials*, fixtures, engine, boiler or machinery, *for any building*, erection or improvements upon land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor," etc. It is perceived that the

right of lien, which the statute extends to a material-man, is predicated upon his furnishing materials *for the building.* We think that the contractor may fairly be regarded as furnishing materials for a particular build-ing, when he knows that they are to go into a building, although he may not at the time of making the contract know the location, character or ownership of the build-ing into which they are to go. Especially we think he may be regarded as furnishing the materials for the particular building, where each load is delivered at the building, and where, at the time of each successive delivery, he is cognizant of the location and identity of the building at and for which materials are delivered. We do not think that the language of the statute requires us to hold that, in order to secure his lien, he should contract to furnish the materials for a building, designated or described in the contract itself. We do not think that what is held or said in any of the following cases requires us to adopt a more stringent rule: *Simmons v. Carrier,* 60 Mo. 581; *Hause v. Carroll,* 37 Mo. 579; *Graves v. Pierce,* 53 Mo. 429. These cases, indeed, go to the extent of holding that two things must concur in order to the existence of the lien: (1) A contract to fur-nish the materials. (2) A furnishing of the materials for the building, and the actual use of them in the building. But this court went so far as to hold, in the later case of *Bruce v. Burg,* 8 Mo. App. 204, that the contract itself need not be expressed but may be implied. This is quite inconsistent with the idea that the contract must designate the building for which the materials are furnished.

We must, therefore, conclude that the court erred in declaring that the plaintiff has failed to establish a lien, as a matter of law. There was sufficient evidence, direct and inferential, to entitle the plaintiff to go to the jury, or to the court as a jury. We will not say that the court was bound to draw the inference, but that it

might have drawn the inference, and that, when it declared in substance that no such inference could be drawn, it committed error.   The defendant, upon a new trial, may show that the lumber, or part of it, did not enter into the construction of the building, but, in the absence of such showing, the court or jury would be warranted to infer that it did. ·

The judgment will be reversed and the cause remanded.   All the judges concur.