JAMES DUROSS et al., Appellants, v. EMILIE C. BRODERICK et al., Respondents.

St. Louis Court of Appeals, January 24, 1899.

1. **Mechanic's Lien:** CONTRACT. A mechanic's lien is only given where the work is done or the material is furnished by virtue of a contract with the owner or proprietor of the improved premises, or with his agent, trustee, contractor or subcontractor.

2. ———: ———: HUSBAND AND WIFE: AGENT. In the case at bar, it does not appear from the evidence that the wife knew at the time that the title to the land was in her, nor that she was in possession of any information from which she might have inferred that she was the owner of the property when the improvements were made. Held, that the husband did not make the contract for the improvements as the agent of his wife.

*Appeal from the St. Louis City Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

JOHN W. McELHINNEY and VALLE REYBURN for appellants.

The plaintiffs fully and legally established their right to a mechanic's lien under the statute, and the trial court, therefore, erred in the instructions given at request of defendant, Emilie C. Broderick. 1 R. S. 1889, sec. 6726, p. 1577; Farley v. Stroeh, 68 Mo. App. 85; Phillips' Mechanic Liens [3 Ed.], secs. 104 and 182; Collins v. Me-Graw, 47 Mo. 495; McDonald v. Stevens, 67 Mo. App. 408; Burgewald v. Weippert, 49 Mo. 60; Carthage Lime Co. v. Bauman, 44 Mo. App. 386; also, again, 55 Mo. App. 204; Barker v. Berry, 4 Mo. App. 584; Murphy v. Murphy, 15 Mo. App. 600; Schmidt v. Wright, 6 Mo. App. 601; Leisse

v. Schwartz, 6 Mo. App. 413; Chicago Lumber Co. v. Mahan, 53 Mo. App. 425.

DAWSON & GARVIN for respondents.

Mere knowledge by a wife that her husband is going to build a house on her land to be occupied by them as a home— he from a desire to please her, consulting her as to the plans, and obtaining her approval thereof, and letting the contract to a contractor by agreement in writing in his own name; she, in company with him, visiting the house so in course of construction, but giving no independent orders or directions to the contractor as to the work, and knowing nothing of the cost and not agreeing to pay, nor paying any part thereof— does not compel the trial judge to render judgment in a subcontractor's suit, establishing a mechanic's lien upon her land, or necessarily render a judgment therein against the establishment of the lien, bad in law. Thompson v. Kehrmann, 60 Mo. App. 488; Planing Mill Co. v. Brundage, 25 Mo. App. 268, 275, 276; Barker v. Berry, 8 Mo. App. 446; Hughes v. Anslyn, 7 Mo. App. 400, 402. Where the evidence admits of either of two contrary inferences or findings of fact in a mechanic's lien suit against a married woman, and the finding and judgment of the trial judge in a jury-waived case, or the verdict of a jury under proper instructions is that the material was not furnished by plaintiffs under or by virtue of any contract with her or her agent, trustee, contractor, or subcontractor, the judgment based on such finding against the establishment of a mechanic's lien will not be disturbed by the appellate courts. Newland College v. Borck, 44 Mo. App. 19; Pohlman v. Tilden, 44 Mo. App. 569, 570; Watson v. Stromberg, 46 Mo. App. 631; Griffith v. K. C. Material & Const. Co., 46 Mo. App. 539; Eystra v. Capelle, 61 Mo. 578; Hinchey v. Koch, 42 Mo. App. 231; Paddock-Hawley Iron Co. v. Pullis, 42 Mo. App. 207; Pitken v. Mott, 56 Mo. App. 401; Wenzell v.

Erath, 48 Mo. App. 479.   Where in a jury-waived case, the party bearing the burden of proof asks for no declarations of law from the trial judge, and the court after hearing the evidence of both sides, and holding the case under advisement has found against him, a declaration of law to the effect that under the pleadings and all the evidence the judgment must be for the other party, handed down by the judge with his decision, is immaterial on appeal.   Hunt & Booth v. Hunter, 52 Mo. App. 268; Railroad v. Miller, 115 Mo. 158.

BLAND, P. J.—The petition was on an account for a balance due plaintiffs for material sold and delivered to Samuel Siegrist, one of the defendants, and used by Siegrist in the reconstruction of a dwelling house near Glencoe, St. Louis county, under a contract made with John J. Broderick, the husband of Emilie.   John J. Broderick was made a party defendant to the suit.   The object of the suit was to obtain a personal judgment against Siegrist for the balance due on the account and to enforce a mechanic's lien against the dwelling and the one acre of ground upon which it is situated.   Siegrist made default and judgment was recovered against him for the balance due plaintiffs, $622.97. The Brodericks filed separate answers, each being a general denial.   The issues were tried by the court, sitting as a jury. In the progress of the trial the suit was dismissed by the plaintiffs as to J. J. Broderick.   After hearing all the testimony the court, at the request of Emilie Broderick, gave a declaration of law, that under the pleadings and evidence the judgment must be for the defendant, Emilie Broderick, and judgment was accordingly rendered for her, from which, after an unsuccessful motion for new trial, plaintiffs duly appealed.

The evidence is that Emilie Broderick had no separate means of her own when she married John J. Broderick, and

that she has acquired none since by gift, inheritance or otherwise independent of what she had received from her husband; that in January, 1895, John J. Broderick purchased the land sought to be liened from Florence G. Lange and had the deed made to his wife Emilie; that shortly thereafter he had plans made for the reconstruction of the dwelling, which were submitted to his wife and approved by her; that John J. Broderick in his own name contracted with Siegrist to reconstruct the house according to the approved plans; that Siegrist contracted with plaintiffs for the material in the lien account; that it was delivered to him by plaintiffs and used in the reconstruction of the house; that John J. Broderick on an order from Siegrist paid plaintiffs $600 on account of material furnished; that the balance due plaintiffs for material used in the reconstruction was $622.97. Plaintiffs took all the necessary steps to charge the property with a mechanic's lien. The trial court evidently found that the evidence was not sufficient to establish the fact that John J. Broderick was the authorized agent of his wife Emilie, and that her property was not chargeable with a mechanic's lien on account of an improvement not made under a contract with her, nor by any one authorized by her to make it. The contract with Siegrist was made by Broderick in his own name. The fact that his wife was the owner of the real estate, was not disclosed, nor was it discovered by plaintiffs until they undertook to give notice of their claim and of their purpose to file a lien. In none of the transactions between Broderick and Siegrist and the plaintiffs, or between plaintiffs and Broderick, was the name of Emilie Broderick mentioned, and the whole evidence indicates that Siegrist and certainly the plaintiffs believed that Broderick was the owner of the real estate, and relied upon that fact. Mrs. Broderick examined and approved the plans for reconstructing the dwelling; she says her husband wanted to please her and always asked her how

she wanted things done. In a conversation between Siegrist and Broderick in her presence, about the reconstruction, she says that "if they asked me a question, if Mr. Broderick wanted to know whether I wanted it so and so, I said I thought I would like it either this way or that way; he wanted to please me." She further testified that she and her husband talked over the plans with the architect and that nothing was done by Broderick about the house without first consulting her about it to see if she would like it; that she did not know the deed from Lange was made direct to her, but knew that her husband was going to buy a country house for the family and knew that the house was going to be reconstructed, and knew that Siegrist had the contract to do the work of reconstruction. She was out at the place several times while the work was under way and moved into the house before the work was quite completed; saw Siegrist at work there and knew that material was being used in the work; that she did not want the house changed but wanted a small cottage built instead; that she paid nothing on it and had nothing to pay. While it is quite apparent from the testimony that the respondent knew of the improvements and of the fact that they were being made by Siegrist under a contract with her husband, and knew that material was being delivered and used for making the improvements, and while it is true that she was consulted about the details of the improvements and examined and approved the plans, it does not appear that she even knew at the time that the title to the real estate was in her, nor that she was in possession of any information from which she might have inferred that she was the owner of the property. So far as the testimony discloses Broderick made the purchase with his own means and contracted for the improvements, without letting his wife know that it was all for her and for her especial comfort. He was therefore in no sense the agent of his wife, and did not so represent himself or contract

with Siegrist, and her property can not be charged with plaintiffs lien upon the theory that the improvements were made under a contract made by her husband as her agent.

A mechanic's lien is only given where the work is done or the material is furnished by virtue of a contract with the owner or proprietor of the improved premises, or with his agent, trustee, contractor or subcontractor. R. S. 1889, sec. 6705; Hause v. Carroll, 37 Mo. 578; Hause v. Thompson, 36 Mo. 450; Graves v. Pierce, 53 Mo. loc. cit. 429; Kline v. Perry, 51 Mo. App. 422; Kansas City Planing Mill v. Brundage, 25 Mo. App. 268. J. J. Broderick sustained none of the relations mentioned in the statute to the owner of the premises, Emilie C. Broderick, the lien is therefore without foundation, and the judgment is affirmed. All concur.