Graves v. Pierce.

Samuel L. Graves, Respondent, *vs.* Wm. B. Pierce, Appellant.

1. *Mechanics' liens—Account—Statement of, what insufficient.*—A statement, merely showing the balance due, is not a sufficient statement of the account within the meaning of the mechanic's lien act (W. S., 909, § 5,) to create a lien.

2. *Mechanics' liens—Machinery must be in nature of fixtures—Contract must be what—Carding machines.*—The machinery, upon which a mechanic's lien can attach, under a proper construction of the statute, (W. S., 907, § 1,) must be such as is used in the erection of a building, and which will, when placed in the building, erection or improvement, become a fixture and a part of the realty; or at least such as is necessary in the erection of the improvements. And the material must be furnished under a contract either with the owner or the contractor for the building. The lien will not attach on account of a carding machine.

53 423 |
97 373 |
53 423 |
38a 407 |
53 423 |
42a 283 |
53 423 |
56a 244 |
53 423 |
130 9 |
53 423 |
151 514 |
78a 265 |
53 423 |
95a 218 |

*Appeal from Linn Circuit Court.*

*A. W. Mullins,* for Appellant.

I. The affidavit filed for plaintiff in the office of the clerk of the Circuit Court of Linn County, was insufficient to create a lien on the property. (W. S., 909, § 5 ; McWilliams vs. Allan, 45 Mo., 573.)

*C. D. Pratt,* for Respondent.

I. It is not necessary that the original account of the demand, or a copy thereof, "(filed for the purpose of securing the lien,)" should have been filed with the plaintiff's petition. It is sufficient that the petition distinctly alleges " the facts necessary for securing the lien." (2 W. S., 909, § 8 ; 27 Mo., 264.)

II. The taking of the note for the amount of the lien did not extinguish the lien; no right was waived. (9 Mo., 58 ; 30 Mo., 263.)

III. It was not necessary to offer a formal surrender of the note; the record shows that it was filed with the papers in the case.

IV. The act providing the lien should be liberally construed, so as to do substantial justice to all parties. (46 Mo., 337.)

Vories, Judge, delivered the opinion of the court.

This action was brought to enforce a mechanic's lien.

The petition states, that in May, 1868, the defendant became indebted to the plaintiff in the sum of one thousand and twenty-five dollars, for machinery furnished defendant at his request; that said machinery was used by defendant in the erection and furnishing of a certain mill claimed by him, and in his possession, in the county of Linn, and State of Missouri; that the indebtedness was evidenced by the note of defendant filed with the petition; that the particulars of the indebtedness would more fully appear by the statement and affidavit filed by plaintiff in the office of the clerk of Linn county, Missouri, as a lien on the property in the petition described; that the indebtedness accrued on the 2nd day of May, 1868, and that on the 31st day of October, 1868, and within six months from the accruing of the demand, he filed in the proper office with the clerk of the Circuit Court of said county a true account of said demand, allowing all just credits, accompanied with a description of the lot or ground upon which said mill was erected, with the name of the owner thereof, which was verified as the law directs and which constituted a lien on said mill and lot to the full amount of plaintiff's demand. (The lot of ground was described by metes and bounds.)

The petition then states, that the whole amount of plaintiff's claim then due was seven hundred and fifty-two and 62–100 dollars with interest, &c., and prayed judgment for said sum, and that the lien be enforced, and the property described sold for the payment thereof.

The defendant in his answer admits the indebtedness and that he had executed his note therefor, which, he charges, was accepted in full settlement for said machinery, and charges, that he paid on said note, the sum of twenty-five dollars, for which no credit had ever been given; denies that plaintiff filed in the office of the clerk of the Circuit Court of Linn county a true or correct account of his demand, or that all just credits were allowed; but avers that plaintiff had failed to credit him with the sum of twenty-five dollars paid thereon; denies that any lien was acquired on defendant's said mill or property mentioned in the petition; denies that the whole

amount due plaintiff on the 31st day of October, 1868, was $752 62-100, but states that the amount due on said day was the sum of $726.

On the 2nd day of December, 1869, a trial was had before the court, no jury being demanded ; when the court rendered judgment against the defendant for the amount appearing to be due by said note with interest, after allowing the $25 claimed to have been paid by the defendant, and which was admitted by the plaintiff, and further ordered, that the mill and grounds named in the petition be sold for the payment of the judgment, and that the mechanic's lien be foreclosed against the same.

On the trial plaintiff offered to read in evidence, from the record of mechanic's liens kept by the Circuit clerk, a demand in favor of the plaintiff and against the defendant, which reads as follows :

STATE OF MISSOURI, }
County of Linn. } ss.

" Before me the undersigned, Notary Public, within and for said county, this 31st day of October, 1868, came Chester D. Pratt, who, being duly sworn according to law says, William B. Pierce is indebted to Samuel L. Graves in the sum of seven hundred and fifty-two 62-100 dollars, being balance due on three sets of wool-carding machines, with cards, clothing and one picker, sold by said Graves to said Pierce, on the 2nd day of May, A. D. 1868, which debt is evidenced by the promissory note of said Pierce made to said Graves at the time aforesaid. Affiant further states, that the said machinery is now in a building claimed by said Pierce, and situated on a lot of ground containing about one acre, and described as follows : Being a part of the S. E. 1-4 of the N. W. 1-4, section 2, township 57, range 18, and bounded as follows : Commencing on a line five hundred and thirty feet south on the south end of the centre of Poplar street, in the town of Bucklin, running thence south 125 feet, thence east 318 1-2 feet, thence north 125 feet, thence west 318 1-2 feet.

Signed, \                                    C. D. PRATT.
Sworn to and subscribed, &c."

The defendant objected to the reading of this record in evidence, because neither the original of said account, or any copy thereof, had been filed with plaintiff's petition; because the original account is the best evidence of its contents, and because the said record of the plaintiff's demand, does not show, that the account claimed was due plaintiff after all just credits were given the defendant.

The court overruled said objections, and permitted the evidence to which the defendant excepted.

The plaintiff then read in evidence the note named in plaintiff's petition, which was in the usual form, dated, May 2nd, 1868, and due on the first day of August thereafter, and payable at the banking house of M. P. Argus & Co., Jacksonville, Ill., with interest at the rate of ten per cent. per annum after date, and with credits thereon for the payment stated in the petition.

This was all of the evidence offered or given on either side.

The defendant, at the close of the evidence, moved the court to give several declarations of law, none of which need be noticed but the first, which is as follows:

" The record of the demand filed by the plaintiff in the office of the clerk of the Circuit Court of Linn county, and read in evidence, is insufficient to create a lien in favor of the plaintiff upon the property described in the petition."

The court refused this declaration of law, and the defendant again excepted.

After judgment had been rendered as before stated, the defendant filed a motion for a new trial, setting forth as grounds of his motion, that the court had admitted improper evidence, had refused proper declarations of the law; and because the demand, filed by the plaintiff to secure his lien, is insufficient for that purpose, for the reason, that it does not contain any description of the property sought to be charged.

This motion was overruled by the court, and the defendant again excepted.

The defendant then filed a motion in arrest of the judg-

ment, and set forth as causes therefor substantially the same causes relied on in his motion for a new trial.

The court also overruled this motion, and the defendant again excepted and appealed to this court.

It is insisted by the appellant in this case, that the account or affidavit, filed by the plaintiff in the office of the clerk of Linn Circuit Court for the purpose of creating or securing lien upon the property described in the plaintiff's petition and which was read in evidence upon the trial, is not sufficient for said purpose, and that the court trying the cause therefore erred in admitting the same in evidence, and in refusing the declaration of law asked for by the defendant, and in rendering judgment enforcing the plaintiff's supposed lien against the property described.

By the first section of the statutes concerning "Mechanic's Liens," it is provided, that "Every mechanic or other person who shall do or perform any work or labor upon, or furnish any materials, fixtures, engines, boilers or machinery for, any building, erection or improvements upon land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or sub-contractor, upon complying with the provisions of this chapter, shall have for his work or labor done, or materials, fixtures, engines, boiler or machinery furnished, a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated, to the extent of one acre, &c." (W. S., 907.) By the 5th section of said act it is provided, that "It shall be the duty of every original contractor within six months, and every journeyman and day laborer within thirty days, and every other person, seeking to obtain the benefits of the provisions of this chapter, within four months after the indebtedness shall have occurred, to file with the clerk of the Circuit Court of the proper county, a just and true account of the demand due him or them, after all just credits have been given, which is to be a lien upon such building or other improvements, and a true description of the property, or so near as to identify the same, upon which

the lien is intended to apply, with the name of the owner or contractor, or both, if known to the person filing the lien, which shall in all cases be verified by the oath of himself, or some credible person for him."

The account filed by the plaintiff in this cause, and which was read in evidence, only states that the defendant was indebted to the plaintiff in the sum of seven hundred and fifty-two 62–100 dollars, being a balance due on three sets of wool-carding machines, with card clothing and one picker, sold by said Graves to said Pierce on the 2nd day of May, 1868, which is evidenced by the promissory note of said Pierce, &c.; that said machinery is now in a building claimed by Pierce, and situate on a lot of ground containing about one acre, which is described.

There is nothing here to show how much the carding machines were sold for to the defendant, what was to be paid for the picker, or what for the card clothing; nor is there any mention made of what amount had been paid, so that it could be seen how the balance due resulted. A true account of the amount due after all just credits have been given certainly requires something more than a mere statement of the balance due. This exact question was raised in the case of McWilliams vs. Allan, 45 Mo., 573, and it was there held, that an account merely stating the balance due was insufficient.

There is another objection to this account, which was not stated by the defendant when it was offered in evidence; but the defendant asked the court, after all of the evidence had been heard, to declare the law to be, that the account read in evidence is insufficient to create a lien in favor of the plaintiff upon the property described in the petition; this was refused by the court.

The account is for three sets of carding machines, with card-clothing and a picker, which, it is stated, was at the time in a building claimed by the defendant, situate on the land described in the account. The statute provides, that the machinery, for which a lien may be created, must be furnished for a building or improvement made upon the land. This clear-

ly indicates, that the machinery must be such as is used in the erection of a building, and which will, when placed in the building, erection or improvement on the land, become a fixture and become a part of the realty, or at least, such as is necessary in the erection of the improvement to be made, and it has been held, that the material furnished must be furnished for the building to be charged, under a contract either with the owner or the contractor for the building. (Hanse vs. Thompson, 36 Mo., 450; Hanse vs. Carroll, 37 Mo., 578.) In the case under consideration, the carding machines, the picker and card clothing, sold by the plaintiff to the defendant, are not such machinery as is used in the erection of buildings or improvements on land, they form no part of a building or erection, and the mere fact, that they were placed in a house belonging to defendant, cannot give the plaintiff any right to a lien on the house. They are mere chattels or personal property, and may be levied on, and sold under an execution as such. (Cresson vs. Stout, 17 John., 116; Taffe vs. Warnick, 3 Blackf., 111; Finney vs. Watkins, 13 Mo., 291.)

Things otherwise personal in order to become a fixture and pass with the realty, or to become a part thereof, must be incorporated for some permanent object, or by affixing them to the realty, so that they cannot be removed without injury to, or dilapidating the realty. (Hunt vs. Mullanphy, 1 Mo., 508.)

Carding machines are not usually affixed to the freehold or realty, they are manufactured and sold as an article of merchandise, and are placed in a building for use, and braced or otherwise stayed, so as to hold them steady for use, and are taken down and removed to another building, when it becomes necessary by a sale or otherwise, without injury to the building in which they were placed.

I suppose it would hardly be contended that, if a tailor should build him a new shop, one who should sell him a sewing machine to use therein, or that the farmer, who erects a barn and purchases a winnowing mill to place therein to clean his grain, would subject the barn in the one case, or the shop

in the other, to a lien for the price of the winnowing mill or the sewing machine; and yet in principle, these cases would not be different from the one under consideration.

It follows, that the declaration of law asked by defendant ought to have been given. The petition in this case, I think, was demurrable for the reason, that the action is founded on an account, and the items of the account are not stated therein, and no account is filed with the petition.

The court, by the judgment rendered, states that the action is founded on a promissory note. This is clearly wrong, but the plaintiff will be entitled to recover the amount of his demand with interest by delivering up the note. There was no demurrer filed, but an answer was filed admitting the indebtedness, which cures the defect in the petition.

The judgment will be reversed and the cause remanded to the Circuit Court of Livingston county, where a proper judgment can be rendered for the debt, without any special judgment against the property attempted to be charged with the lien.

Judges Napton and Wagner being absent, the other Judges concurring, the judgment is reversed and the cause remanded.