RICHARDSON v. KOCH et al., *Plaintiffs in Error*.

**Mechanics' Lien**: LEASEHOLD: MACHINERY. Sections 1 and 4, Wagner's Statutes, pp. 907, 908, (R. S. 1879, §§ 3172, 3175,) concerning mechanics' liens, while they extended the lien to a building or improvement, the latter term being synonymous with the former, erected by a tenant upon leased premises with power of removal, did not extend it to engines, boilers and machinery erected by him thereon, unless the same were used in the construction of the building, or improvement, or were afterward connected therewith and became a part of the building itself for some permanent object, so as to go and pass with it as a constituent part thereof.

*Error to Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*R. F. Walker* and *Draffen & Williams* for plaintiffs in error.

The property was subject to a mechanic's lien. It will

be noticed that this building was erected for the express purpose of being used as a mill for crushing and separating metallic ores, and to receive this identical machinery which was necessary for the completion of the building for that purpose. Without this the building would be useless for the objects for which it was intended. The machinery was attached to or connected with the building in the same manner as the machinery in ordinary mills is attached. It was part and parcel of the building itself. The statute gives a lien to the "mechanic or other person who shall furnish any materials, fixtures, engine, boiler or machinery for any building, erection or improvement." It will be difficult to conceive of the character of the improvement against which such a lien may be enforced for machinery furnished, if not against a mill or manufactory. See 1 R. S. 1879, p. 533, § 3172; *Gerard B. Allen & Co. v. The Frumet Mining & Smelting Co.*, 73 Mo. 688; *O'Bryan v. Hanson*, 9 Mo. App. 545, 550; *Goodin v. Ellardsville Hall Asso'n*, 5 Mo. App. 289, 293; *Kelly v. Border Mills*, 7 Reporter 685; *Gray v. Holdship*, 17 Serg. & Rawle, 413; *Morgan v. Arthurs*, 3 Watts (Pa.) 140; *Wademan v. Thorp*, 5 Watts 115; *McGreary v. Osborn*, 9 Cal. 119. The fact that the Pennsylvania Mining, Separating & Smelting Company only had a leasehold interest in the land, cannot defeat the lien. There is no difference as to the character of the building or improvement against which the lien can be enforced, where the improvement is made by the owner in fee, and where it is made by the lessee. The only difference is, that in the one case, the land is bound, and in the other, simply the lessee's interest therein; in both cases the building and everything that is part and parcel thereof, is held by the lien. Section 4 of the mechanic's lien law expressly extends the lien to leasehold property. The court below, therefore, committed manifest error in giving the declarations of law asked by the plaintiff numbered 5, 6, 7 and 11, and in refusing those asked by the defendants numbered 1, 2, 3, 4 and 6. See 1 R. S. 1879, § 3175; *Smith v. Phelps*, 63

Mo. 585; *O'Bryan v. Hanson*, 9 Mo. App. 550; 11 Cent.
Law Jour. 471, part of opinion on p. 472; *Hart v. Globe
Iron Works*, 37 Ohio St. 75; *Collins v. Mott*, 45 Mo. 100.
The case of *Collins v. Mott, supra*, when properly under-
stood, does not militate against these views. That case
does not hold, as seems to be contended by plaintiff, that a
mechanic's lien cannot exist for materials, fixtures, engine,
boiler and machinery furnished for and put up in a building
erected by a lessee upon rented ground. The statute ex-
pressly gives such lien. § 4. It was a question of fact
whether the annexation was such as to make the machinery
part of the house. *O'Bryan v. Hanson*, 9 Mo. App. 550.
The lien judgment cannot be attacked collaterally by
plaintiff on the ground that the machinery and building
were not fixtures. *Reiley v. Hudson*, 62 Mo. 383; *Allen v.
Sales*, 56 Mo. 28, 38. The description in and proceedings
thereon were sufficient. *Oster v. Robeneau*, 46 Mo. 595;
*Kansas City Hotel Co. v. Sauer*, 65 Mo. 279. The petition
was certainly sufficient after verdict. *Gilman v. Hovey*, 26
Mo. 280.

*Richardson, J. P. Ross, J. R. Edwards* and *Moore &
Williams* for defendant in error.

The lien of the attachment dated from the time of the
levy, and the sale thereunder relates back to the levy. *Huxly
v. Harrold*, 62 Mo. 516; *Hall v. Stevens*, 65 Mo. 670. Plaint-
iff is not bound by the judgments under which defendants
claim, and he may contest the validity of the proceedings,
not being a party or privy thereto. R. S., § 3180; *Houser
v. Hoffman*, 32 Mo. 335; *Schaeffer v. Lohman*, 34 Mo. 68;
*Picot v. Signiago*, 27 Mo. 125; Phillips Mech. Liens, §§ 395,
456; *Johnson v. Pike*, 35 Me. 291; *Lambard v. Pike*, 33 Me.
141; *Raymon v. Ewing*, 36 Ill. 328. The petitions in the
lien cases do not state the facts necessary to enforce a lien
under the statute. It is not averred that there was any
contract, either original or otherwise, with any one having
any interest or ownership in the land. The allegations as

to time are insufficient, and the allegations are otherwise defective. *Hetzell v. Langford*, 33 Mo. 396 ; *Porter v. Tooke*, 35 Mo. 107 ; *Peck v. Ridwell*, 6 Mo. App. 551 ; *Fay v. Adams*, 8 Mo. App. 566 ; Phillips Mech. Liens, §§ 362, 358. The buildings, machinery, boiler, engine, separators, crushers, etc., put by the Pennsylvania Mining, Separating and Smelting Company, upon its leased lands, were personal property by the terms of the lease to them. They were taxable as such; were removable at pleasure by the lessee, and were in every respect openly treated as personal property, and could not be subjected to a judgment and sale for a mechanic's lien. Plaintiff's fourth instruction declares the law correctly. *Koenig v. Mueller*, 39 Mo. 165. The act of 1857, interpreted by the Supreme Court in this case, is embodied in the present mechanic's lien law. In no case would the boiler and engine, and the machinery for crushing and smelting lead, when forming no part of the realty, be subject to judgment and sale for a mechanic's lien. The opinion of Judge Bliss, 45 Mo. 100, *Collins v. Mott*, is decisive of this question under our statute. A mechanic's lien does not bind the engine, boiler, etc., when placed upon the leasehold property by the lessee. *Collins v. Mott, supra; Haeussler v. Glass Co.*, 52 Mo. 452; *Graves v. Pierce*, 53 Mo. 423 ; Taylor on Landlord and Tenant, (5 Ed.) § 544, *et seq.*

PHILIPS, C.—This is an action of replevin to recover the possession of " one fifty horse power engine and the boiler, machinery and appurtenances attached thereto, also, of one set of machinery for crushing and separating metallic ores, and the building covering the same," valued at $800. The answer tendered the general issue. Trial before the court without the intervention of a jury.

The plaintiff's title came through purchase of this property under judgments of certain attaching creditors, against the Pennsylvania Mining, Separating and Smelting Company. The attachments were made in September,

1877. The said company was the lessee of the land or which this property was situated. By the terms of the lease, the lessee was authorized " to remove the buildings, machinery and fixtures, or any part thereof, at any time," provided no rents were due at the time. The sheriff under the writs of attachment took possession of said property by locking the same in the building and taking the key. The defendants claim title to said property under judgments and sale, under proceedings enforcing mechanics' liens, against the land and the building. These mechanics' liens were filed in January, 1878. The purchasers under the mechanics' liens got into the building some way, and when this writ of replevin was sued out, they were engaged in taking down and removing the property from the building. The parties filing the lien did not furnish the engine and boiler, but one of them did furnish the patent separator, ore washer, jigs and crusher. The building was a simple frame of about forty or fifty feet, and was built before the machinery was put in. The building was placed on a limestone foundation. The engine was put inside the building on a stone foundation for its support. It was a portable engine. The boiler stood on the outside of the building, covered by a shed, and connected by the usual appliances with the machinery inside. A number of instructions were requested and given in the case, but the defendants complain principally of the one in which the court declared, in effect, that the mechanics' lien read in evidence did not bind the engine, boiler and other machinery, etc., the same being on leasehold property. The court found the issues for plaintiff and rendered judgment accordingly, giving him the property including the house.

I. If this declaration of law be correct, as applied to the facts of this case, it is conclusive of defendants' claim to the machinery. By section 4 of the mechanics' lien act, then in force, (Wag. St. p. 908) it is provided, that : "Every building or other improvement erected, or materials furnished, according to the provisions of this chapter,

on leased lands or lots, shall be held for the debt contracted for, or on account of the same, and also, the leasehold term for such lot and land on which the same is erected, etc." In order, therefore, to ascertain what such lien covers, recourse must be had to section 1 of said act, which, in substance, is as follows:

"Every mechanic or other person who shall do or perform any work or labor upon, or furnish any materials, fixtures, engine, boiler or machinery for any building, erection or improvements upon land, or for repairing the same . * * shall have for his work or labor done or materials, fixtures, engine, boiler or machinery furnished, a lien upon such building, erection or improvements, and upon the land," etc.

It is too obvious for discussion, that while the lien is given for the work, materials, engines, etc., it is not given on the work, materials, or engine, boiler, etc., but "upon such building or erection or improvement." The building then is the subject of the lien, and on it only, as an incident of the freehold. This idea has received emphatic recognition by the recent decision of this court in *Ranson v. Sheehan,* 78 Mo. 668, in which it is settled as the proper construction of this statute, that no lien can attach upon the building, where none is secured against the real estate on which the building is located. No terms are employed in the statute in defining the property to which the lien attaches which, by any admissible construction, includes the engine, boiler, etc., unless they are a part of the building adhering to the land. This view is clearly and strongly maintained by Bliss, J., in *Collins v. Mott,* 45 Mo. 100. If the principle of that opinion is to stand, it, in my judgment, is decisive of this case. Council for plaintiffs in error have reviewed that decision, and with much ingenuity and plausibility, have sought to distinguish it from the case under consideration. The chief suggestion made is, that there the house in which the engine and boiler were placed by the lessee belonged to the lessor; and, therefore, the les-

see could not create a mechanic's lien on the house.   Without stopping to controvert this proposition, or to point out how, and to what extent the lessee might, by improvements placed on the house, create a lien therefor, which might be made available as against the leasehold premises, it is sufficient to say that the fact in question, in no manner controlled the construction given to the statute by that learned judge.   If that fact influenced his interpretation, it would have been enough for him to have called attention to it, and said it precluded the lien on that account.   But he said no such thing.   Characteristically he grasped the statute, analyzed it, and discussed it in its entire scope. His argument and clear enunciation is, that, under this statute, the lien is on the building and not on the engine and boiler, unless they are part and parcel of the house.   He says:   "If the improvements bought by the purchaser at the sale upon the lien are intended to extend to the engine and boiler, why are they not mentioned?   They are specifically described when reference is had to the labor and property furnished, to secure which a lien is created, but are omitted in naming the property to which a lien attaches. The materials spoken of in section 1, are materials 'for any building,' and all that is holden is, the 'building or other improvement erected or materials furnished,' and afterwards the purchaser is spoken of as 'the purchaser of the building and leasehold term' 'purchaser of the improvements;' and the payment of the rent is provided for 'to the time of removing the building,' thus using the terms 'building' and 'improvements' as synonymous, and excluding the idea that the engine and boilers were included.   *   * In enlarging its (the statute's) scope and operations by extending it to leasehold property, the idea of holding nothing but buildings and improvements upon them seems to still prevail."   This view is supported by the Supreme Court of Indiana, under a statute very similar to ours.   *Baylies v. Sinex,* 21 Ind. 45

In some of the states, in order to meet this difficulty,

they have, by express statute, extended the lien to engines, machinery, etc., and in some they have declared that machinery and gearing for manufacturing purposes shall be considered a building. 62 Pa. St. 406, and New Jersey statute. In *Graves v. Pierce*, 53 Mo. 423, it is held that a carding machine fixed in the building is not subject to the lien. Vories, J., in delivering the opinion, said: "The statute provides, that the machinery, for which a lien may be created, must be furnished for a building or improvement made upon the land. This clearly indicates, that the machinery must be such as is used in the erection of a building, and which will, when placed in the building, erection or improvement on the land, become a fixture and become a part of the realty, or at least, such as is necessary in the erection of the improvement to be made.     *     * The carding machines, the picker and the card clothing     *     * are not such machinery as is used in the erection of buildings or improvements on land; they form no part of a building or erection, and the mere fact that they were placed in a house belonging to defendant cannot give the plaintiff any right to a lien on the house." This language is plain enough. Its announcement is, that in order to subject the machinery to the lien, it must be so related to the house as to be a part of it, "necessary in the erection of the improvement of the land," so as to become a part of the realty, as much so as the house itself. It is not enough to meet this requirement of the statute to say, that the house was useless for smelting purposes without the machinery. So would the house as a carding machine establishment have been useless and incomplete without the carding machine. So would a railroad track be useless and incomplete without the rolling stock, but it would hardly be contended in the absence of an express statute, that a mechanic's lien on the erection or improvement would carry with it the rolling stock. In Maine, under a statute giving the lien for labor or materials for erecting, altering, or repairing a house, building or appurtenances, the su-

preme court held that no lien attached for a cylinder, stove and funnel placed in a mill for heating it. The court says: "To create a lien, the materials must be used for erecting, altering or repairing the building; must be so applied as to constitute a part of the building."

My conclusion is, that to give a lien on the engine, boiler, etc., in this case, they must have been used in the erection of the building or improvement, or afterward connected therewith, so as to become a part of the building itself, so as to go and pass with the building as a constituent part thereof. The building itself, in this case, was quite complete as a building without the engine, etc. The machinery, in no manner, entered into its construction. It was placed in the building after its completion. The building was more essential to the machinery than the machinery was to the building. The latter served to house the former. The foundation on which the portable boiler rested, was in no wise, connected with the building proper. The machinery could be taken away without the building, leaving it a complete structure or erection. The evidence showed that the defendants were taking away the machinery at the time the writ of replevin was served. It was in fact the machinery, the really valuable part or property, the alleged lienors were after. In this view, we would not, in any degree, be understood as trenching upon the correctness of that line of recognized decisions holding that where, as in the case of a mill structure, the machinery used, adjusted and fitted in with the building, to fit it as a mill by the owner of the property, such machinery may constitute fixtures so as to be subject to the operation of the lien, or to be covered by a mortgage given by the owner on the realty; or, as in the case of a builing erected as a furnace and smelter by the owner of the premises, the machinery becomes a part thereof so as to be treated as part of the freehold for certain purposes.

In the case of *Thomas v. Davis*, 76 Mo. 72, HENRY, J., has discussed with much force and clearness the doctrine

of fixtures, as applied to machinery in buildings. The following quotations from that opinion will materially aid in the elucidation of the conclusion reached in the case at bar: "When the absolute owner of land in fee, for the purpose of better using the land, erects upon and affixes to the freehold, certain machinery, such as is in use in making coal, and in mines, it will go to the heirs as real estate." "Even in regard to manufacturers, all articles affixed to the freehold, whether by screws, solder or any other permanent means, or by being let into the soil, will descend to the heir, or pass by conveyance of the land; that the rule of law by which fixtures are held less strictly, when erected for manufacturing purposes, has no application to fixtures erected by the owner of the land in fee." "It is the permanent and habitual annexation, and not the manner of fastening, that determines when personal property becomes a part of the realty." "Many articles have been held to be fixtures, in controversies between grantors and grantees, and mortgageors and mortgagees, which, although attached to the freehold, could have been removed without substantial injury to the freehold, and in disputes between persons holding these relations to each other, the adjudications in which the contests were between landlords and tenants, have little or no application, because the strict rules which have been applied in the former class of controversies, have been relaxed, with a view to the encouragement of mechanical and agricultural pursuits." That was a controversy between two mortgagees. The case here is between two creditors of the lessee, a tenant. By the express provisions of his contract of lease, the tenant reserved the right to remove the machinery at any time when he was not in arrears of rent. The parties treated it as personalty. It was never designed as a "permanent and habitual annexation" to the land, nor, indeed, as a part of the house, for it might be removed without the house. There was no such attachment of this machinery to the building as in the case above quoted. Judge Vories, in the case of *Graves v. Pierce*, su-

18—81

*pra,* said : " Things otherwise personal in order to become a fixture and pass with the realty, or to become a part thereof, must be incorporated for some permanent object, or by affixing them to the realty, so that they cannot be removed without injury to, or dilapidating the realty."

Be the test as to injury to the building of less import-ance now than formely, in determining the question of what constitutes a fixture, both of these decisions of our court assert the proposition that to give such machinery the char-acter of realty, it must have "been incorporated in the building" for some permanent object. It was in recogni-tion of this rule that the supreme court of Pennsylvania in *White's Appeal,* 10 Pa. St. 252, held that an engine-house, partly of stone and partly of wood, with stone foundation for a steam engine erected by a tenant for years, for the use of a coal mine, he having the privilege of removing all fixtures, is not the proper object of a mechanic's lien. That was a contest between the creditors of the tenant. The court, *inter alia,* say : " Here, the engine and other machin-ery erected by the lessee to carry on the works, with the building, which is nothing more than a covering for the machinery extending into the mines,     *     *     and transporting the coal, are personal property.     *     * If there was any doubt on general principles, that doubt is removed by the contract; for the lessors and lessee agree that all the steam engines, fixtures, etc., may be removed and taken away by the lessee.     *     * The lessors assert no right to this machinery."

The contract affixed to it the character of personalty. And while it is true, our statute would authorize the lien against the building which the lessee might remove, yet that is by express provision of the statute. Such statutes ought not to be extended in their operation by implication. And when it is sought by material men, as in this case, months after the general creditors of the lessee have seized the engine and machinery as personalty to satisfy their claims, to take it away from them by filing a mechanic's

lien, they should bring themselves clearly within the pro-vision of the statute. We would, therefore, affirm the judgment of the circuit court but for another fact disclosed ·by the record. It appears that the defendants claim title under judgments founded on two mechanics' liens. One of these was in favor of Clark and Townley. It is manifest from the items of their account, constituting the basis of the lien, that they were for lumber furnished by them for the building itself. This entitled them to a lien on the building and acre of land therefor. § 4., Wag. Stat., *supra*. So that the enforcement of this lien and purchase thereunder, at the sheriff's sale, passed to the purchaser all the right, title and estate of the lessee in the said house, reaching back of the attachment of this property under which plaintiff claims title. Outside of this, we do not discover from the evidence, such acts of detention of the house as would have authorized the action of replevin. The defendants were evidently not trying to remove the house. They were only after the machinery.

The judgment of the circuit court went too far, and the same is, therefore, reversed and the cause remanded, with directions to the court to enter up judgment herein for the plaintiff, as to the property in controversy, except the building, and to find the issue for defendants, as to the building. All concur. NORTON AND SHERWOOD, JJ., absent.