[No. 183.   Decided June 17, 1891.]

VENDOME TURKISH BATH COMPANY V. C. F. SCHETTLER.

MECHANICS' LIENS — FIXTURES.

There can be no lien obtained upon personal property not attached to a building so as to become a part of it, under the provisions of chapter 138, Code 1881, "relating to liens of mechanics and others upon real property."

*Appeal from Superior Court, King County.*

The facts are sufficiently stated in the opinion.

*Kilgen, Kelleher & Emory,* for appellant.

The opinion of the court was delivered by

SCOTT, J. — Appellant was a tenant occupying certain rooms in a building known as the "Kilgen Block," in the city of Seattle, and was conducting a bathing establishment therein.   Appellee did some work for the appellant in the way of repairing, moving and refitting various steam and soil pipes, and in changing some of the other appliances used in carrying on said business, and furnished certain materials used in performing said work.   Appellee's claim being disputed, he filed a notice of a lien purporting to cover

appellant's leasehold interest in said rooms, and the engine, boilers, machinery, water works, and all of the appliances used in said establishment, and sought to foreclose such lien in this action.   Appellant claimed that the work was not performed and the materials were not used in the construction, alteration or repair of the building, or of any structure; that it was all done or used upon personal property not attached to the building, so as to become a part of it; and that no lien could be had thereon under such circumstances; and appellant moved for a nonsuit upon this ground when the appellee's case was closed.   The court re-opened the case, to allow further proof by appellee of the nature and character of the work, and appellee introduced testimony in relation thereto, which, however, fully sustained appellant's claim that the things upon which the work was performed, and for which the materials were furnished, were all independent of the building, and there was no testimony or proof to the contrary.   Nevertheless, the court rendered a judgment and decree for the plaintiff.   A further point is made by appellant, that it was entitled to a trial by jury to ascertain the sum, if any, which it was owing, the amount claimed being disputed, and a trial by jury demanded.

That there can be no lien obtained upon personal property, under the provisions of chapter 138 of the Code of 1881, relating to "liens of mechanics and others upon real property," under which the lien here is claimed, we have, in effect, decided since this case was tried in the superior court—see *Kellogg v. Littell & Smythe Mfg. Co.*, 1 Wash. 407 (25 Pac. Rep. 461); and there was no law authorizing such a lien.   There is nothing in the case of which equity could take cognizance, and appellant's points are well taken.

The case is reversed, and remanded to the court below, with instructions to dismiss the suit, without prejudice, however, to an action at law to recover the amount claimed. ·

ANDERS, C. J., and DUNBAR, HOYT, and STILES, JJ., concur.