N. MEISTRELL & Co., Defendant in Error, v. C. K. REACH *et al.*, Plaintiffs in Error.

### Kansas City Court of Appeals, January 29, 1894.

1. **Mechanics' Liens**: MACHINERY AT MINING SHAFT. Boiler, pump, engine and machinery, not situated in, or in any way connected with, any building or improvement, but simply placed and used at a mining shaft in drawing therefrom coal and water, are not subject to a mechanic's lien.

2. ————: DEFINITIONS: BUILDING AND IMPROVEMENT. Building and improvement are used in the mechanics' lien statute as synonymous terms.

*Error to Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED, in part.

*Draffen & Williams* for plaintiffs in error.

The plaintiffs were not entitled, under our statute, to a mechanic's lien upon the pump, boiler, engine and machinery. *Richardson v. Koch*, 81 Mo. 264; *Graves v. Pierce*, 53 Mo. 423; *Collins v. Mott*, 45 Mo. 100.

*T. M. Rice* and *James H. Johnston* for defendants in error.

(1) The demurrer was properly overruled. The facts in this case, as shown by the averments of the

petition, are very different from the case of *Richardson v. Koch*, 81 Mo. 264. (2) Plaintiffs in error contend, that for the reason there is no building, there can be no lien under the statute. We urge this to be a narrow construction, and plainly in violation of the language and spirit of the law. Sections 6705 and 6708 recite: "Shall have a lien upon such building, erection or improvements," and upon the land, etc., thereby asserting there may be "improvements" or "erections" (where there be no building) the subject of the lien. It is urged, therefore, that the demurrer in this case was properly overruled.

Gill, J.—The sole question in this case is, whether or not a mechanic's lien can be enforced against a pump, boiler, engine and other machinery and the land on which the same were used—the plaintiffs having contributed certain labor and material in repairing such machinery. The said boiler, pump, engine and machinery were not situated in, or in any way connected with, any building or improvement, but were simply placed and used at a mining shaft in drawing therefrom coal and water. The trial court held the plaintiffs entitled to a mechanic's lien and defendants bring the case here by writ of error. The holding of the circuit court was erroneous, as must be seen from a consideration of the mechanics' lien statute and the decisions of our supreme court. Revised Statutes, 1889, sec. 6705; *Collins v. Mott*, 45 Mo. 100; *Graves v. Pierce*, 53 Mo. 423; *Richardson v. Koch*, 81 Mo. 264. Whilst our statute provides for a mechanic's lien on account of materials or machinery furnished in the construction of a building or improvement, yet, as said in *Richardson v. Koch, supra*, "it is not given *on* the work, materials, or engine, boiler, etc., but *upon such building, erection or improvement*. The building, then, is the subject of

the lien," and not the machinery. ·The machinery, then, as such, is not subject to a mechanic's lien. It is only reached when it enters into, and forms a part of, a building or improvement. (*Graves v Pierce, supra*, at bottom page 428); and *building* and *improvement* are used in the mechanics' lien statute as synonymous terms. *Collins v. Mott, supra*.

The judgment, then, in so far as it adjudges a mechanic's lien, will be reversed. All concur.

ELLISON, J. (*concurring*).—I concur in the foregoing for the reasons stated in the conclusion of the opinion in *Missouri Valley Cut Stone Works v. Brown*, 50 Mo. App. 407.