[No. 8517.    Department Two.    February 9, 1910.]

## LITTLE BROTHERS MILL COMPANY, *Appellant*, v. W. E. BAKER *et al.*, *Respondents.*[1]

MECHANICS' LIENS—COMMINGLED MATERIALS — EVIDENCE — SUFFI-CIENCY. A materialman is not entitled to a lien upon a house for lumber furnished to a contractor who was also building another .house, where the lumber for the two houses was so commingled by the materialman that it was impossible to determine what particular part went into the house upon which the lien was claimed, and he was unable to comply with a demand for a segregated bill therefor.

Appeal from a judgment of the superior court for King county, Main, J., entered June 17, 1909, upon findings in favor of the defendants, dismissing an action to foreclose a materialman's lien, upon the close of plaintiff's evidence. Affirmed.

*F. E. Knowles*, for appellant.

*Aust & Terhune*, for respondents.

DUNBAR, J.—This is an action to foreclose a materialman's lien on account of lumber and material furnished in the construction of a house on lots 35, 36, and 37, in block 1 of Dawson's addition to the city of Seattle, King county, Washington, which we will for convenience hereafter denominate the Baker house. One D. H. Sykes, who was the contractor for the Bakers, was made a defendant in the action and de-

[1]Reported in 106 Pac. 910.

faulted, and judgment against him was entered for $265.67, interest and costs. Sykes, as contractor and agent for respondents, purchased of the appellant under the original contract, at an agreed price, lumber to the value of $290, and extra lumber was purchased during the construction of the building. It appears that, at the time Sykes was building the Baker house, he was also remodeling or building another house. A certain payment was made by Sykes, which was applied upon his own account and not upon the Baker account. The court, after the introduction of the evidence, determined that the same did not show nor identify the lumber sold by appellant for the construction of respondents' house, and at the end of appellant's testimony, upon motion of the respondents, the respondents W. E. Baker and Clara Baker were dismissed from the case, and the lien denied. From this judgment of dismissal, this appeal is taken.

The appellant relies largely upon the case of *Seattle Lumber Co. v. Sweeney*, 43 Wash. 1, 85 Pac. 677, which it claims is a case directly in point. In that case the liberal rule was adopted by this court, and we quoted extensively from *Rice & Floyd v. Hodge Bros.*, 26 Kan. 164, where, among other things, it was said:

"To require direct and positive testimony, that as to each specific article delivered, that it was in fact used in the buildings, would make the mechanics' lien law more a burden and a trap than a blessing and a help. When materials are contracted for use in a proposed building, when they are delivered in pursuance of such contract, and when the building is in fact completed, and there is no testimony tending to raise even a suspicion that the materials therefor were elsewhere obtained, or that those contracted for were not used therein, and especially when some of the materials are shown to have actually entered into its construction, it is fair to conclude and say that such materials did in fact go into the building, and that the seller has a mechanics' lien therefor."

But this state of facts is not shown by the testimony to exist in this case; for material was not delivered in pursuance of the contract, and there is not only testimony tending to

raise a suspicion that the materials were not all used in the building, but absolute unqualified testimony to that effect by the appellant itself.    While, as the opinion quoted truthfully says, "to require direct and positive testimony under such circumstances would make the mechanics' lien law more of a burden and a trap than a blessing and a help," to go to the other extreme and allow a lien to be established where the testimony shows that the lumber furnished was not all used in the construction of the building upon which a lien is said to be established, but, on the contrary, was so mixed and commingled by the party furnishing the material that it was impossible to determine what particular part of the lumber went into the building or what part was used in some other building, would become equally a burden upon the owner of the building.  The trouble in this case is that the appellant so intermingled the lumber that it is impossible to tell what lumber went into the Baker house and what went into the Sykes house.    This appears from the testimony of G. A. Little, a member of the appellant company and one of the active managers, when he testified as follows:

"For this lumber that was shipped in there on Mr. Sykes' direction, after the wagon went over there, I could not say which identical part of the load went to one place or to the other.    They were both designated to him and I heard the teamster say that some portions of some loads went to one place and some to the other."

So that it appears that the appellant itself—for it was its own teams that hauled this lumber, and the teamsters were, of course, the agents of the appellant—knew that only a part of this lumber was taken to the house of the Bakers.    Again, in answer to a question by the court:  "This lumber that was sent over there was so intermingled between the houses that you could not tell which was which?" the answer was: "Yes, sir; because part that ran out at the same time went to both houses.  Two by four and shiplap all looks alike."    It also appears without contradiction that, when appellant pre-

sented its bill to Mrs. Baker, she demanded a segregated bill showing what portion of the lumber went into her house and what portion into the Sykes house, and the appellant was confessedly unable to give her such a bill and so stated in its testimony. Under such circumstances, the appellant is attempting to establish a lien on the Baker house for materials which it is not only unable to show went into the Baker house, but a portion of which it conclusively appears was diverted through the agency of the appellant from the Baker house and actually went into the Sykes house. To permit a lien on the Baker house for this lumber would be manifestly unjust, and would be going beyond the contemplation of the lien law.

The judgment of the court is affirmed.

RUDKIN, C. J., PARKER, CROW, and MOUNT, JJ., concur.