[No. 8850.   Department Two.   August 23, 1910.]

GILBERT HUNT COMPANY, *Respondent*, v. WILL H. PARRY, *Receiver of the Pasco Water and Power Company, Appellant.*[1]

MECHANICS' LIENS—"MATERIALS"—WHAT CONSTITUTES—TOOLS AND APPLIANCES.   Under Rem. & Bal. Code, § 1129, giving a lien to any person performing labor or furnishing material to be used in the construction of any building, ditch, etc., a lien upon the irrigation ditches and power plant of a water company cannot be claimed for tools and appliances used to carry on the work of construction and not intended to enter into and become a part of the structures when completed.

SAME—SEGREGATION OF LIENABLE ITEMS.   Where an undeterminable portion of the items forming a large part of a claim for a lien are not lienable the lien must fail as to all the items.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered January 3, 1910, upon findings in favor of the plaintiff, in an action to foreclose a contractor's lien.   Reversed.

*Bausman & Kelleher*, for appellant.

*Samuel R. Stern*, for respondent.

PARKER, J.—This is an action to foreclose a lien claimed by the plaintiff upon the buildings, structures, ditches, etc. constituting the power and irrigation plant of the Pasco Power and Water Company, and also upon several thousand acres of land of that company proposed to be irrigated by the plant.   A trial before the court resulted in a judgment of foreclosure, and an order for the sale of the property to

[1]Reported in 110 Pac. 541.

satisfy the plaintiff's claim.    The defendant has appealed.

The Pasco Power and Water Company is a domestic corporation, engaged in a general scheme and enterprise in the county of Walla Walla, along the Snake river, having for its purpose the irrigation of several thousand acres of land and the building of irrigation ditches and pumping plants, all as a part of one general scheme for the improvement of its land.    Between February 5 and November 9, 1907, the appellant furnished to the Pasco Power and Water Company a large number of articles, expended money in paying freight and cartage thereon to the place of delivery, and performed other services in connection with the furnishing and delivery of the articles, all of which we will assume entered into the cost thereof.    These articles aggregate in value the sum of $5,428.45, upon which there was paid from time to time, without any direction as to how such payment should be applied, sums aggregating $1,633.50 and upon which there were given certain other credits because of overcharges and errors, aggregating $265.40, leaving a balance due of $3,529.55, for which amount the foreclosure judgment was entered, with interest.    These articles were all furnished and accepted for the purpose of being used by the Pasco Power and Water Company in connection with the construction of the buildings, structures, ditches, etc. upon its land.

A careful reading of all the evidence convinces us, however, that these articles were not furnished with the understanding or intent that all of them were to be used in the construction of the structures and ditches upon the land of the Pasco Power and Water Company, in the sense that they were all to enter into and become a part of such structures or ditches when completed; but that they were furnished with the understanding that they were to be used in connection with such construction—at least, for the most part—only as tools and appliances to carry on such construction.    The list of items so furnished, with the charge for each, shown by an exhibit in the record, admitted to be correct, covers many typewritten

pages.   There are, among others, such items as horse shoe nails, hammers, straps for steam shovel, blacksmith's coal, dump car trucks, rental for engine, curry combs, horse brushes, slides for donkey engine, truck axles, tar, draw heads and springs therefor, car wheels, lathe work on axles, blacksmith's work on axles, drills, putting on car wheels, brass part for steam shovel, cylinder oil, saw blades, saw set, tongs, wrenches, cup grease, files, powdered emery and emery cloth, boxes for dump cars, packing, oil can, brake shoes, and freight charges on such articles.   A large number of these items are repeated many times.

It is quite plain from the record that these items, to which others might be added by closely scrutinizing the list, were not furnished to be used in, and were not used in, the buildings, structures, or ditches, but were furnished to be used and were used as tools and appliances or as repairs thereto, with which the work of constructing the plant was carried on.   It is not at all difficult to go through this list of articles furnished and services rendered and pick out a sufficient quantity of them of the nature above enumerated which were clearly not intended to, and did not, become a part of the finished structure to amount in the aggregate to more than half of the entire amount furnished.   Of the other items furnished, by far the greater amount of them are of such nature that, so far as can be determined from the evidence in this case, they might be put into the class we have just mentioned, or might be classed as material going into the structures. It is quite impossible to determine from the evidence, with any degree of certainty, what quantity of the items furnished belong to one class and what to the other, though it may be possible to determine that a small portion of them did actually go into the structures.   We believe the foregoing statement is as favorable to the respondent's contention upon the questions of lienable items, and commingling of the lienable and nonlienable items, as can be truthfully made from this record. And since our conclusions upon these questions dispose of

the case, we need not notice facts which relate to other questions.

The provisions of section 1129 of Rem. & Bal. Code, under which this claim of lien is made, so far as we need notice that section here, reads:

"Every person performing labor upon or furnishing material to be used in the construction, alteration, or repair of any . . . building . . . ditch . . . or any other structure . . . has a lien upon the same for the labor performed or material furnished. . . ."

The question confronting us is, does the furnishing of the services and materials shown by this record entitle respondent to a lien as claimed? In the case of *Armour & Co. v. Western Construction Co.*, 36 Wash. 529, 538, 78 Pac. 1106, Judge Dunbar, speaking for the court, said:

"Under the lien laws, generally, 'material' is deemed to be something that goes into, and becomes a part of, the finished structure, such as lumber, nails, glass, hardware, and a thousand other things that might be mentioned, which are necessary to the complete creation of a building or structure."

And in *Tsutakawa v. Kumamoto*, 53 Wash. 231, 235, 101 Pac. 869, 102 Pac. 766, the same view was expressed by Judge Chadwick, speaking for the court as follows: "The object of these statutes is to secure a lien to the laborer and materialman for that which goes into the finished structure." Articles furnished for use merely as tools and appliances, in carrying on the work of construction, are not lienable. *Vendome Turkish Bath Co. v. Schettler*, 2 Wash. 457, 27 Pac. 76; *Hall v. Cowen*, 51 Wash. 295, 98 Pac. 670; *Potter Mfg. Co. v. Myer & Co.*, 171 Ind. 513, 86 N. E. 837, 131 Am. St. 267; *McAuliffe v. Jorgenson*, 107 Wis. 132, 82 N. W. 706; *Rinzel v. Stumpf*, 116 Wis. 287, 93 N. W. 36; *Allen v. Elwert*, 29 Ore. 428, 44 Pac. 823, 48 Pac. 54; *Meistrell & Co. v. Reach*, 56 Mo. App. 243; *Basshor v. Baltimore & O. R. Co.*, 65 Md. 99, 3 Atl. 285; Kerr, Mechanics' Liens and Building Contracts, § 89; 27 Cyc. 38, 45.

Under these decisions, it is plain that this record affirmatively shows that the larger part of the items here involved are not lienable; and as to the larger part of the remainder there is no certain evidence to show they are lienable, though it is possible a considerable part of them may be lienable; but it is not possible to determine with any degree of certainty what portion of this remainder are or are not lienable. This brings us to the question of how this commingling of lienable and nonlienable items affects respondent's right to a lien.

It may be conceded that where some single nonlienable item or even several are mistakenly included in a claim of lien, and such items can be readily segregated from those which are lienable, that such fact will not necessarily destroy claimant's right of lien; but when the commingling occurs in such manner that the court is unable to determine with certainty what are and what are not lienable items in the claim made, then the rule seems to be that the entire claim of lien is of no effect. It does not appear to us that this case presents a situation where there can be a segregation and preserve respondent's lien right, as in the case of *Bellingham v. Linck*, 53 Wash. 208, 101 Pac. 843, and cases there cited. The general rule is stated in Kerr on Mechanics' Liens and Building Contracts, § 377, as follows:

"When an unspecified and undeterminable portion of the materials mentioned in the claim consists of nonlienable items which cannot be segregated from the general aggregate, the claim is of no effect."

In the recent decision of this court in *Little Brothers Mill Co. v. Baker*, 57 Wash. 311, 106 Pac. 910, it was held that where lumber was furnished in such manner that it could not be determined what portion went into defendant's house, and what portion went into another house being built by the contractor, notwithstanding it was clear that some portion of the lumber did go into the defendant's house, a lien could not be maintained therefor. It seems to us in principle that is

the case here, since we cannot determine what went into the structures and what went into tools and appliances. The following authorities also support this view: *Robinson v. Brooks*, 31 Wash. 60, 71 Pac. 721; *Hughes v. Lansing*, 34 Ore. 118, 55 Pac. 95, 75 Am. St. 574; *McClain v. Hutton*, 131 Cal. 132, 61 Pac. 273, 63 Pac. 182, 622.

We are of the opinion that this case presents facts showing such a commingling of lienable and nonlienable items, even conceding that some of them are lienable, as renders respondent's claim of lien of no effect. The judgment of the learned trial court is reversed.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.