[No. 9096. Department One. November 25, 1910.]

OTTO BRAEGER *et al.*, *Plaintiffs and Appellants*, v. BOLSTER & BARNES, *Defendants and Appellants.*[1]

ACCOUNTING—INTERPLEADER—ACTION—NATURE. An action is for an accounting and not one of interpleader, where the plaintiffs brought into court a balance admitted to be due and claimed by defendants and their creditors, without first having had an accounting as provided for by the contract, and prayed that the plaintiffs be allowed the sum deducted, and it appeared that the amount was in dispute and was less than the sum found to be due by the court upon an accounting.

COSTS—ACCOUNTING. In an action in the nature of an interpleader, but in fact for an accounting, in which the amount was in dispute, costs may be awarded against the plaintiffs instead of against the amount paid into court by plaintiffs, where the court found a greater sum to be due from the plaintiffs.

[1]Reported in 111 Pac. 797.

Logs and Logging—Liens—Tools. A lien upon logs cannot be claimed for a cable, boom chains, shoeing horses, and like articles furnished merely as tools and appliances for carrying on the work of logging.

Cross-appeals from a judgment of the superior court for Thurston county, Irwin, J., entered March 11, 1910, upon findings in an action of interpleader and for an accounting, after a trial before the court. Affirmed on plaintiffs' appeal, and modified on defendants' appeal.

*Thomas M. Vance* and *Harry L. Parr*, for plaintiffs.
*E. N. Steele* and *Troy & Sturdevant*, for defendants.

MOUNT, J.—The appellants Braeger & Birchler had advanced $1,800 to respondents Balch & Drewry, which money was used by the latter in a logging business. On November 12, 1907, an agreement was entered into by these parties, whereby a part of the logs owned by Balch & Drewry were conveyed to Braeger & Birchler, to secure them for the advance made as above stated. Thereafter, on November 18, 1907, Braeger & Birchler advanced $1,426 for labor liens, in addition to the $1,800 above stated. On the latter date, another contract was entered into, conveying other logs to Braeger & Birchler, to secure the further advance and other sums which might be necessary. It was agreed by these contracts that Braeger & Birchler should sell the logs so conveyed, and after deducting the moneys advanced and the expense of caring for and marketing the logs, an accounting should be had and the balance paid to Balch & Drewry. Thereafter Braeger & Birchler paid a claim for stumpage, amounting to $940. Subsequently the logs were sold for a net price of $5,978.63. Pending the sale of the logs, certain orders were drawn by Balch & Drewry upon Braeger & Birchler. Among these orders was one in favor of Bolster & Barnes for $1,080.10. This order was accepted by Braeger & Birchler as follows:

"We accept the above order, subject to a further lien right held by P. J. O'Brien or any others who hold just liens or right to lien."

Subsequently this action was brought by Braeger & Birchler, who set up in the complaint the contract above referred to, and alleged that they had sold the logs for the net price of $5,978.63; and that after deducting the amount due from Balch & Drewry, for advances made and claims paid upon orders of Balch & Drewry, there remained a balance in the plaintiffs' hands of $1,269.65, which was claimed by certain creditors of Balch & Drewry. A number of the creditors of Balch & Drewry were made parties defendant. This $1,-269.65 was paid into court.

The complaint prayed that the plaintiffs be allowed $100 for attorney's fees, and that they be adjudged entitled to the amount of $4,708.98, which they had expended as above stated. Balch & Drewry answered the complaint, admitting certain' indebtedness, but denied certain claims which were alleged to have been paid, and prayed for a correct accounting of the funds. Bolster & Barnes appeared in the action, and after denying certain items of the complaint, set up an order of Balch & Drewry for $1,080.10, and prayed that this amount be adjudged a prior claim against the fund in court. P. J. O'Brien also appeared, and set up a lien claim for $373.24. Other parties who were made defendants also appeared and made claims against the funds. Upon a trial of the case, the court found that the plaintiffs had received for the logs $5,978.63, from which they were entitled to deduct $4,583.98, leaving a balance of $1,394.65, which was adjudged to be paid by the clerk of the court in the following order: P. J. O'Brien, $373.24; Martin Hardware Company, $109.75; Bolster & Barnes, $911.66; making a total of $1,394.65. A personal judgment was rendered against the plaintiffs for the difference between the amount of these claims, viz., $1,394.65, and the amount which had been paid into court, viz., $1,269.65, and also taxing costs against the plain-

tiffs. The plaintiffs have appealed from that judgment, and Bolster & Barnes have appealed from the award of $911.66.

It is argued by the plaintiffs that the action is a strict action in interpleader or in the nature of interpleader, under the statute, and that therefore the court erred in awarding a personal judgment against the plaintiffs and in not awarding costs out of the funds paid into court. We have no doubt that the plaintiffs intended to bring the action within the statute relating to interpleader; but when the issues were made up, it was not such an action at all, but resolved itself into an action for an accounting, in which the plaintiffs claimed a certain amount out of the fund in their possession and the defendants denied the amount of that claim. It does not appear that any accounting had ever taken place between the plaintiffs and Balch & Drewry, as provided for in the contract between them. The plaintiffs had sold the logs and paid certain claims and certain orders drawn upon them. Some of these claims were denied, and the amounts of others were disputed by Balch & Drewry. The plaintiffs were being annoyed by orders and garnishments, and brought the action without any settlement or accounting, and paid the amount which they conceived to be due Balch & Drewry into court. If the amount had been the balance found due upon an accounting, or if it had not been disputed, then it might be claimed that the action was one in interpleader. But when there had been no accounting and the amount due was in dispute, the action was one of accounting strictly. The court found, we think correctly, that the plaintiffs were indebted in a greater sum than the amount paid into court, and therefore properly awarded the judgment for the balance, which of course carried the costs.

Upon the appeal of Bolster & Barnes it appears that P. J. O'Brien had filed a lien claim against the logs for $373.24, being for cable, boom chains, shoeing horses, and the like, and by reason of this lien claim, contends that he is a preferred creditor and has a prior claim upon the fund by reason of

such lien.   There was some evidence that Bolster & Barnes made an oral agreement that this claim should be paid ahead of their order, but this was disputed.   This court has recently held that "articles furnished for use merely as tools and appliances in carrying on the work of construction are not lienable."   *Gilbert Hunt Co. v. Parry*, 59 Wash. 646, 110 Pac. 541.   Under this rule, it is plain that O'Brien had no valid lien claim against either the logs or the fund arising therefrom.   There appears to have been no contest upon the amount of the claim of Bolster & Barnes.   It follows that this claim should have been paid ahead of the claim of Mr. O'Brien.

The judgment appealed from is modified so that the whole claim of Bolster & Barnes, $1,080.10, shall be paid ahead of the claim of Mr. O'Brien.   In other respects the judgment will stand affirmed, with costs against the plaintiffs in the action.

RUDKIN, C. J., FULLERTON, GOSE, and PARKER, JJ., concur.