[No. 10670.   Department One.   January 3, 1913.]

SOUND TRANSFER COMPANY, *Appellant*, v. PHINNEY REALTY & INVESTMENT COMPANY, *Respondent*.[1]

MECHANICS' LIENS—LIENABLE ITEMS—LABOR PREPARATORY TO CONSTRUCTION. Rem. & Bal. Code, § 1129, giving a lien to every person performing labor in the construction, alteration or repair of any building, applies only to labor that goes into the finished structure, and does not cover labor in wrecking and removing a building on the lot preparatory to the construction of the new building, although that work was included in the contract for the new building.

SAME. A lien for labor in wrecking and removing an old building on a lot preparatory to the erection of a new building cannot be claimed under Rem. & Bal. Code, § 1131, giving a lien to any contractor who clears, grades, fills in or otherwise improves the same.

Appeal from a judgment of the superior court for King county, Myers, J., entered January 12, 1912, upon agreed facts, dismissing an action to foreclose a mechanics' lien. Affirmed.

*Peterson & Macbride*, for appellant.

*James B. Howe* and *Hugh A. Tait*, for respondent.

PARKER, J.—The plaintiff seeks foreclosure of a lien upon a lot and building in the business district of Seattle belonging

[1]Reported in 128 Pac. 1047.

to the defendant, for hauling away from the lot the debris of a building which was torn down preparatory to the construction of a new building thereon. From a judgment denying the relief prayed for, the plaintiff has appealed.

The facts are agreed upon. Respondent, the owner of the lot, entered into a contract with Stone & Webster Engineering Corporation for the construction of an office building thereon, including the wrecking and removal of a building then situated upon the lot preparatory to the construction of the new building. Appellant was employed by a subcontractor of the engineering corporation to remove and haul away the debris of the wrecked building. It performed this work, and not being paid therefor, claims a lien upon the lot and new building securing the amount so earned, and prays for foreclosure of its lien.

It is first contended by appellant that its right to a lien is secured by Rem. & Bal. Code, § 1129, which provides:

"Every person performing labor upon or furnishing material to be used in the construction, alteration or repair of any  .  .  .  building,  .  .  .  has a lien upon the same for the labor performed or material furnished by each, respectively, whether performed or furnished at the instance of the owner of the property subject to the lien or his agent."

This court has consistently adhered to the doctrine that the purpose of this provision is to secure a lien to the laborer and materialman for that which is furnished to go into the finished structure. It is true we have given expression to this view, for the most part, in cases involving material only; but we think it is equally applicable to labor. *Vendome Turkish Bath Co. v. Schettler*, 2 Wash. 457, 27 Pac. 76; *Armour & Co. v. Western Const. Co.*, 36 Wash. 529, 78 Pac. 1106; *Fuller & Co. v. Ryan*, 44 Wash. 385, 87 Pac. 485; *Tsutakawa v. Kumamoto*, 53 Wash. 321, 101 Pac. 869, 102 Pac. 766; *Gilbert Hunt Co. v. Parry*, 59 Wash. 646, 110 Pac. 541, Ann. Cas. 1912 B. 225; *National Surety Co. v. Bratnober Lum. Co.*, 67 Wash. 601, 122 Pac. 337. We are of the opinion

that the labor performed by appellant was not performed upon any building being constructed upon respondent's lot, and did not go into or become a part of such building.

Counsel for appellant makes some contention which they rest upon the fact that the wrecking and removing of the first building was included in the contract between respondent and the engineering corporation for the construction of the new building. It seems clear to us, however, that a non-lienable item cannot be rendered lienable by including it in a contract for the furnishing of work or material which is lienable. The lien arises by virtue of the statute. It of course arises in a sense out of the contract, but not by virtue of any contract for the lien. The lien exists, if at all, only by force of the statute as an incident to the contract; hence the lienable nature of each item is determined by the statute regardless of how it may be included in a contract with other items.

It is finally contended by counsel for appellant that it has a right to a lien under Rem. & Bal. Code, § 1131, which provides:

"Any person who, at the request of the owner of any real property, his agent, contractor or subcontractor, clears, grades, fills in or otherwise improves the same, . . . has a lien upon such real property for the labor performed."

We are of the opinion that the work performed by appellant does not come under any of the designations of work mentioned in this section.

We conclude that the judgment of the trial court must be affirmed. It is so ordered.

MOUNT, C. J., CHADWICK, GOSE, and CROW, JJ., concur.