St. Louis Radiator Manufacturing Company, Appellant, v. Thomas Hendricks *et al.*, Defendants; Fannie Carroll, Respondent.

St. Louis Court of Appeals, November 23, 1897.

1. **Mechanic's Lien**: FIXTURES: EVIDENCE: JUDICIAL QUESTION. In a suit to enforce a mechanic's lien for the reasonable value of certain loops of iron attached to pipes in defendant's residence, through which hot water was conveyed from a boiler in the basement for the purpose of radiating heat, where there was no dispute as to the facts or their legitimate inferences bearing on the question of the nature and uses of the hot water radiators, the manner and purpose of their annexation to the freehold, or the intention of the owner in causing them to be affixed thereto,—*Held*: That it was for the court to declare, as a matter of law, whether or not the attachments in question were fixtures, and its failure to do so was reversible error.

2. **Fixtures**: CONSTRUCTION. The attachment of hot water radiators in a building, however slight and easily displaced, adapted to the proper use of the building, and placed therein by the owner with the intent of forming a part of the special object and design for which the building was constructed, did not prevent them from becoming fixtures. *Bank v. North*, 160 Pa. St. 303, distinguished.

3. **Sale on Credit of House**: JURY QUESTION. In such case, where the proof of the fact of a sale on the credit of the house depended on oral testimony, it presented an issue for the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

REVERSED AND REMANDED.

*Robert A. Holland, Jr.*, and *George H. Shields, Jr.*, for appellant.

The court erred in refusing to give the second instruction requested by plaintiff. The court should have declared as a matter of law that the mechanic's lien attached to radiators. *Buchanan v. Cole*, 57 Mo. App. 11; *Kelly v. Rowane*, 33 *Id.* 440; *Capehart v. Foster*, 63 N. W. Rep. (Minn.) 257; *Dimmick v. Cook*, 115 Pa. St. 573; *Bank v. North*, 160 *Id.* 303; *Goodin v. Elleardsville*, 5 Mo. App. 31; *Rogers et al. v. Crow*, 40 Mo. 94; *Cook v. McNiel*, 49 Mo. App. 81; *Sosmon v. Conlon*, 57 *Id.* 31; *Thomas v. Davis*, 76 Mo. 72.

The court erred in rejecting the testimony of the witness Roach, offered by plaintiff, to show that hot water radiators or heating apparatus of some kind was necessary to make a residence like the one in question complete. See cases cited, *supra*. Also, *Turner v. Haar*, 114 Mo. 335.

The court erred in refusing to set aside the verdict of the jury as to the mechanic's lien, on the ground that it was against the law and the evidence, and against the instruction of the court. *Lionberger v. Pohlman*, 16 Mo. App. 393, 398; *Walton v. R. R.*, 49 *Id.* 620; *Garrett v. Greenwell*, 92 Mo. 120; *Holt v. Morton*, 53 Mo. App. 187; *Empy v. Cable Co.*, 45 *Id.* 422; *Davis v. Belt Co.*, 46 *Id.* 266; *Adler v. Wagner*, 47 *Id.* 25; *Boggess v. R'y*, 118 Mo. 328; *Spohn v. R. R.*, 87 *Id.* 74; *Borgraefe v. Knights of Honor*, 22 Mo. App. 148; *Frieze v. Fallon*, 24 *Id.* 439; *State v. Musick*, 71 Mo. 401; *State v. Zorn*, *Id.* 415; *Stump v. Mueller*, 17 Mo. App. 283.

*John M. Glover* for respondent.

To recover, the plaintiff should have shown that the goods were furnished on the credit of the particular

building. *Graves v. Pierce*, 53 Mo. 429; *Hause v. Carroll*, 37 *Id*. 578; *Cahill v. Elliott*, 54 Mo. App. 388; *Hause v. Thompson*, 36 Mo. 451; *Rand v. Grubbs*, 26 Mo. App. 591.

The verdict was for the right party. The appellant could not prevail on a new trial. No lien exists in this state for a hot water radiator. *Rogers v. Crow*, 40 Mo. 91; *McMahon v. Bridwell*, 3 Mo. App. 572; *Bank v. North*, 160 Pa. St. 303, and citations; *Town v. Fisk*, 127 Mass. 125, and citations.

BOND, J.—The plaintiff seeks to enforce a mechanic's lien for the reasonable value for certain loops of iron attached to pipes in the residence of defendant, Fannie Carroll, through which hot water is carried from a boiler in the basement of the building for the purpose of radiating heat. On trial in the circuit court there was a verdict for plaintiff against one of the contractors (the other not being served), for $222, and also a finding that plaintiff was not entitled to a lien. From a judgment on this verdict the present appeal is prosecuted by plaintiff.

The evidence discloses that the articles for which the lien is claimed are kept in stock or purchased by plaintiff to be sold to contractors or other persons desiring to place heating appliances in a building; that buildings wherein they are designed to be put have a hot water boiler in the basement, from which pipes are run throughout the building to the various places where heat is desired; that the appliances are screwed to these pipes where they penetrate the floors of the rooms to be heated; that being thus annexed a stationary set of upright iron loops is had, which can only be removed by unscrewing them from the pipes running to the basement; that in this form the radiators in

MECHANIC'S lien: fixtures: evidence: judicial question.

St. Louis Radiator Mfg. Co. v. Carroll.

question were connected in the residence of defendant Fannie Carroll. The evidence tends to show that they were sold upon the credit of the building to the person who contracted with the owner to furnish such appliances; that their reasonable value was the amount charged, which had not been paid, and the proper steps had been taken to fix a lien upon the building. Under this evidence the question is, did the court err in the giving and refusal of instructions?

It is insisted by appellant that error was committed in the submission to the jury of the question as to whether or not the heating coils became fixtures in the sense of the mechanic's lien law. It is a general rule that where the facts and their logical inferences are undisputed, the legal effect of such evidence is exclusively a question of law. If this were not true, the functions of jurors would be changed from that of triers of the fact into that of expositors of the law or legal experts. The only exception to this rule in civil cases is the constitutional provision making the jury the judges of the law in actions for libel. In the case at bar there is no controversy as to the facts or their legitimate inferences bearing on the question of the nature and uses of the hot water radiators, the manner and purpose of their annexation in respondent's house, or the intention of the owner in causing them to be affixed. It was therefore the duty of the trial court to declare as a matter of law whether or not the articles in question were fixtures, and failing so to do, it committed reversible error. As this case must be retried, it is proper to decide, for the guidance of the court, whether or not the hot water radiators in question were fixtures, so as to entitle the plaintiff to a lien for their price against the property.

FIXTURES: construction.

St. Louis Radiator Mfg. Co. v. Carroll.

Fixtures are chattels personal which may become a part of the freehold by the manner, purpose and intention with which they are affixed to the realty or something appertaining thereto. There is an essential distinction between such things as are deemed fixtures between heir and personal representative, vendor and vendee, mortgagor and mortgagee, and those things which a tenant may remove at the end of his term. The statutes relating to mechanics' lien clearly intend that it shall extend to whatever is a fixture under the broader rule applicable to the former class. While the decisions on this subject depend much on the facts of the particular case, the principle to be extracted from them is that a fixture of the class under discussion is made up of three elements, annexation, adaptation and intent. Of these in modern times the latter two are more important than the one relating to the method by which the chattel is attached to the freehold. Such annexation, though slight and easily displaced, will not prevent an article becoming a fixture which is adapted to the proper use of a building, and which was placed therein by the owner with the intent of forming a part of the special object and design for which the building was constructed. *Thomas v. Davis*, 76 Mo. 72; *Thomas v. Rogers*, 40 Mo. 91; *Sosmon v. Conlon*, 57 Mo. App. loc. cit. 30; *Davis v. Mugan*, 56 Mo. App. 371; *Cooke v. McNeil*, 49 Mo. App. loc. cit. 81; *Dimmick v. Cook*, 115 Pa. St. 573; *Capehart v. Foster*, 63 N. Y. (Supp.) 257. Upon this principle the removable stage fittings of a building erected for a theatre are held to be fixtures; and such is the rule as to a hot air furnace, including pipes, radiators, etc., placed in a residence; and also as to the heating, laundry and cooking apparatus of a large hotel. And the case last cited expressly decides that a steam radiator in a hotel passes to the mortgagee on the foreclosure of a mortgage. In

the case at bar the building wherein the radiators were placed was designed for a dwelling and so constructed as to provide for the employment of hot water radiators to give it necessary heat. While it is true that the plan of the house did not exclude other methods of heating, still the owner adopted the one which was actually employed, and to that end caused her residence to be supplied with hot water radiators, thus demonstrating a specific intent to complete the building as a place for living by heating it in a particular manner. It is apparent that all the elements of a fixture are found in this transaction—a sufficient annexation—complete adaptation to the uses of the building—and full intent on the part of the owner to make a permanent addition to her freehold. It is clear, therefore, both on principle and sound legal analogy, that the hot water radiators placed by Mrs. Carroll in her home were lienable under the mechanics' lien law. The rule in *Bank v. North*, 160 Pa. St. 303, is not opposed to this conclusion, when the facts in judgment in that case are examined. The radiator in that case was connected with pipes not originating in the dwelling served, but which ran from a general plant established in a different part of the city for the purpose of generating heat and supplying it through pipes to all its inhabitants in the same manner as gas is conducted through the streets and carried into houses. Following the analogy of the rule, that gas chandeliers are not fixtures, the court held that radiators attached as in that case were not fixtures. In the case before us the annexation was made, as has been shown, to an appurtenance to respondent's building, and was therefore attached to her freehold. It is thus not within the reasoning of the Pennsylvania case, even if that reasoning were such as to commend it to our approval. It does not follow, however, that the peremptory

instruction requested by appellant should have been given in this case. To entitle plaintiff to a lien the articles furnished must not only be lienable, but it must appear that proper steps have been taken to secure a lien and that the sale was made on the credit of the house. These were traversable allegations. So far as the evidence supporting them is documentary and undisputed its effect was for the court, but this was not the case as to the question of sale on the credit of the house. The proof of this fact depended on oral testimony, and therefore presented an issue to be submitted to the jury. The judgment in this case is reversed and the cause remanded, to be tried in conformity with this opinion. All concur.