## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1909.

---

*(Continued from Volume 142)*

---

BANNER IRON WORKS, Appellant, v. AETNA IRON WORKS et al., Respondents.

St. Louis Court of Appeals, November 2, 1909.

1. **MECHANICS' LIENS: Fixtures: Certain Material Held not Lienable.** Channels or sill castings, some of which were used for skids and the balance as supports for presses in a tobacco factory, but not fastened to the floor, and so arranged that they could readily be removed, and which were not essential to the use of the building as a factory, or used consistently for any one purpose, and which were not shown to be a customary or necessary accessory of a tobacco factory, are not "material" or "machinery," within the meaning of Section 4203, Revised Statutes 1899, and hence are not lienable.

2. **———: ———: What Material or Machinery Lienable.** No material or machinery furnished for use in a factory is lienable, except such as becomes part of the realty.

3. **———: ———: Method for Determining Whether Article Becomes Part of Realty.** Whether the article becomes part of the realty is not determined altogether, or even principally, by the mode in which it is attached to the land or building; but the principal criterion by which that fact is determined is the intention of the owner—whether his purpose was to make it permanently a part of the land or tenement.

4. **———: ———: ———: Intention, How Ascertained.** In case of a factory, or place of business, an important circumstance, in ascertaining the intention of the proprie-

tor, is the adaptability of the article or machine to the work or business of the place; and if the thing furnished is necessary to that work or business, or is a convenient accessory or commonly employed in connection therewith, the intention of the proprietor to annex it permanently to the realty may be inferred.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*L. Frank Ottofy* for appellant.

(1) The second declaration of law for defendant is erroneous. Reliance upon a mechanic's lien is not precluded by the fact that the materialman looks to some extent to the contractor, nor is the materialman deprived of his lien because he did not know the location of the building at the time the sale was made. Ridge v. Mercantile & T. Co., 56 Mo. App. 158; Lumber Co. v. Hoos, 67 Mo. App. 274; Bruce v. Berg, 8 Mo. App. 204; Lumber Co. v. Johnson, 38 Mo. App. 404; Crane Co. v. Neel, 104 Mo. App. 184; Simmons, Garth & Co. v. Carrier et al., 60 Mo. 581; Lumber Co. v. Lumber Co., 72 Mo. App. 248; Western Sash & Door Co. v. Buckner, 80 Mo. App. 95; Cahill v. Elliott, 54 Mo. App. 387. (2) If articles are annexed to a building and the intention of the party annexing them is that they shall be a permanent annexation to the freehold, then the materialman is entitled to his lien, and the rule applicable when the annexation is made by the owner is entirely different from that when it is made by a tenant. Cooke v. McNeil, 49 Mo. App. 81; Rogers v. Crow, 40 Mo. 91; O'Brien v. Hanson, 9 Mo. App. 545; Reilly v. Hudson, 62 Mo. 383; Iron Works v. Minor, 26 Mo. App. 582; Investment Co. v. Cunningham, 113 Mo. App. 519; Sisman v. Conlon, 57 Mo. App. 25; Foundry & Machine Co. v. Cole, 130 Mo. 9; Brick Co. v. Brick & Quarry Co., 151 Mo. 501; Thomas v. Davis, 76 Mo. 72; Hei-

degger v. Milling Co., 16 Mo. App. 327; Crane Co. v. Const. Co., 121 Mo. App. 209. (3) The principal debtor's discharge in bankruptcy does not defeat the lien. Holland v. Cunliff, 96 Mo. App. 77.

*Dalton & Harris* for respondents.

(1) The material in question in this case, viz., the iron channels or supports, did not form a part of the realty and hence would not be subject to a mechanic's lien. Boiler Works v. Haydock, 59 Mo. App. 653; Fairbanks v. Drug Co., 42 Mo. App. 262; Meistrell & Co. v. Reach, 56 Mo. App. 243; Haeussler v. Glass Co., 52 Mo. 452; Graves v. Pierce, 53 Mo. App. 423; Richardson v. Koch, 81 Mo. 264; Hunt v. Mullanphy, 1 Mo. 508; Carroll v. Shooting the Shutes Co., 85 Mo. App. 563; Loan v. Gregg, 55 Mo. App. 581; Lacey v. Giboney, 36 Mo. 320; Baldwin v. Myrick, 1 Mo. App. 281. (2) The intention to rely upon the security of the building of the Peper Tobacco Company, into which building these channels or supports in question are alleged to have been placed, not having been shown, the appellant will be taken to have trusted the contractor and not to have relied upon the security of the building for his money, and it cannot now hold the said building. River Co. v. Cravens, 54 Mo. App. 216; Stove Co. v. Spear, 65 Mo. App. 87; Planing Mill Co. v. Ritter, 33 Mo. App. 404; Rand v. Grubbs, 26 Mo. App. 591; Hause v. Thompson, 36 Mo. 450; Hause v. Carroll, 37 Mo. 578; Schulenburg v. Robinson, 5 Mo. App. 561; Crane Co. v. Neel, 104 Mo. App. 183; Collins v. Eliot, 54 Mo. App. 387.

GOODE, J.—Plaintiff seeks to enforce a lien against a parcel of ground in the city of St. Louis and the six-story building on it, both belonging to the Christian Peper Tobacco Company, for material furnished to be used in the building. This material consisted of

iron castings, denominated indifferently sill castings or channels and as long and short sills or channels. The long ones were twenty-three or twenty-four feet in length and the short ones ten feet or more. The amount of the bill for which a lien is asked is $190.66. The Christian Peper Tobacco Company owned several buildings in the city of St. Louis, and among others one on the west side of Main street between Morgan street and Lucas avenue. Said company manufactured tobacco in these buildings, and in carrying on that business used machines for pressing the tobacco. The pressing machines rested on a surface of copper which had been laid over wooden floors. In 1905 it ordered of the Aetna Iron Works some cast iron sills or channels and the necessary bolts to be used for supports under the tobacco presses. The Aetna Iron Works arranged with plaintiff, the Banner Iron Works, to cast these channels, as they are more frequently styled, and send them to the factory of the Aetna Iron Works, where holes were drilled in them, and they were "trimmed up," painted and otherwise adapted for use by the Peper Company. While the channels were in process of casting, the Banner Iron Works learned the Aetna Iron Works was "slow pay," and before plaintiff would deliver them, it ascertained to what company the Aetna company had agreed to furnish the channels, though it does not appear the particular building in which they were to be used was ascertained. Some sixteen of the channels were used as supports under the presses, or tables connected with the presses, but four or five were used by the Peper Company for other purposes, such as skids, and "dunnage," that is, were put under goods to raise them above the floor. Those placed under the presses and tables were not fastened to the floor and could readily be removed; in fact, the evidence shows such channels were taken from one building to another of the Peper Company's factories, according to the convenience of the company. Neither were they put

under all the presses, but only here and there under
them.  The Peper Company contended at the trial
plaintiff was entitled to no lien for two reasons: Be-
cause it did not make or furnish the channels for use
in the company's building described in the lien state-
ment, but for the Aetna Company; and because, further,
the channels were not such machinery or ma-
terial as is lienable under the statute.  The court below
gave copious declarations of law at the request of
plaintiff's counsel, stating, on the two controverted is-
sues, that if the court found the channels were fur-
nished by plaintiff to the Aetna Company for the build-
ing described in the lien paper, and said Aetna Com-
pany had a contract with the Peper Company to fur-
nish the same for said building, and the "said iron sill
castings were placed in defendant Tobacco Company's
factory, and were especially fitted and adapted to de-
fendant's factory, and to the transaction of the business
therein conducted by said defendant Tobacco Com-
pany" . . . and were "intended by said defendant
Tobacco Company to be a permanent improvement
therein," plaintiff was entitled to have his lien en-
forced.  Two declarations were given for defendant of
which complaint is made, but it is not necessary to
quote them or recite their substance, because we are
clear the judgment, which was in defendant's favor,
was for the right party.

Our statute gives a person who furnishes "mate-
rial, fixtures, engine, boiler or machinery for any build-
ing, erection or improvements upon land, or for repair-
ing the same, under or by virtue of any contract with
the owner or proprietor thereof, or his agent, trustee,
contractor, or subcontractor," a lien on the building,
erection or improvement for the materials and machin-
ery.  [R. S. 1899, sec. 4203.]  The description of the
channels or sill castings demonstrates they were not
material or machinery within the meaning of that sec-
tion as construed by the courts. They were not attached

to the building, or essential to its use as a tobacco factory, or used consistently for any one purpose, but for several different purposes, and could be and were moved from one building to another at the convenience of the company. No material or machinery furnished for use in a factory is lienable except such as becomes part of the realty. Whether in a particular instance the article became part of the realty, or, in other words, a fixture, is not determined altogether, or even principally, by the mode in which it is attached to the building or land, and whether the attachment is slight or strong, or whether the article can be removed readily without damage to the freehold. Those circumstances are to be considered in determining whether the material became a fixture, but they are not conclusive. The principal criterion is the intention with which the owner of the land or building put the material into the building or on the land—whether his purpose was to make it permanently a part of the land or tenement. If this was his purpose, then, though it is fastened to the freehold only slightly and may be displaced without injury to the freehold, it usually will be treated as a fixture and lienable. In the case of machinery or other articles furnished to a factory or place of business, an important circumstance, in the attempt to ascertain the intention of the proprietor, is the adaptability of the article or machine to the work or business of the place. [Thomas v. Dabis, 76 Mo. 72.] If the thing furnished was necessary to that work or business, or necessary to the purpose for which the building was designed and used, or was a convenient accessory or commonly employed in connection with such business, the intention of the proprietor of the establishment to annex it permanently to the realty may be inferred. [Progress, etc., Co. v. Gratiot, etc., Co., 151 Mo. 501; Graves v. Pierce, 53 Mo. 423; Richardson v. Koch, 81 Mo. 264; Sosman v. Conlon, 57 Mo. App. 25; Roseville, etc., Co. v. Mining Co., 15 Colo. 29, 22 Am.

St. Rep. 373; Morotoc Ins. Co. v. Rodefer, 92 Va. 747; see also 53 Am. St. Rep., note p. 571.] The most that can be said of those channels is that, like pieces of wood or stone, they were useful supports for the tobacco presses and were placed by the Peper Company under some of its presses. There was no proof they were customarily thus placed in tobacco factories, or were in any way necessary to carrying on the work of manufacturing tobacco, or that it could not be done as well without them.

The judgment is affirmed. All concur.