**OBERJUERGE RUBBER COMPANY,**
Plaintiff-Respondent,

v.

**STATE TAX COMMISSION OF MISSOURI, et al., Defendant-Appellant.**

No. 47611.

Missouri Court of Appeals,
Eastern District,
Division One.

June 5, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Thomas W. Wehrle, Barbare E. Enneking, Clayton, for defendant-appellant.

Melville A. Ochsner, Clayton, for plaintiff-respondent.

SNYDER, Judge.

This is an appeal from a judgment which reversed a decision of the appellant State Tax Commission. The Commission included the value of two overhead cranes in the assessment of the value of respondent Oberjuerge Rubber Company's real property. The trial court found that the cranes were "trade fixtures" and as such should be assessed as personal property. The Commission appeals. The judgment is reversed and remanded.

Although five points of error have been raised by the Commission, the appeal turns on the resolution of one issue: Did the trial court err in reversing the Commission and holding that the cranes were trade fixtures and taxable as personal rather than real property?

Oberjuerge owns an office and warehouse building in St. Louis County. When the structure, which is a pre-engineered steel building referred to as a Butler building, was built, it was designed for the installation of two overhead cranes. Crane beams were included, the building columns were designed to bear the cranes, the footings were made heavy enough to support the cranes, and the building was built to a height designed to accommodate the cranes.

The cranes themselves were installed after the Butler Building was completed. The overhead cranes move back and forth on tramrails which are located on opposite sides of the building and run the length of the building. The tramrails are supported by the crane beams in the ceiling and the crane beams in turn are supported by building columns. The cranes are electrically wired into the beams, but are removable.

The useful life of the two cranes, one a ten ton and the other a fifteen ton crane, is approximately fifteen years. The fair market value of the cranes as of the date of the assessment was $93,046.90. The fair market value of the Oberjuerge real property, including the cranes, was $1,237,842.00.

The St. Louis County tax assessor included the value of the cranes as part of the value of the realty. Oberjuerge appealed this assessment to the Commission, which upheld the assessment on the ground that the cranes were fixtures. A fixture is taxable as realty. § 137.010(3) RSMo.1978 (1983 Cum.Supp.).

The St. Louis County Circuit Court reversed the Commission and from this judgment the Commission appeals.

■ Review of the Commission's decision is limited to a determination of whether the decision is supported by competent and substantial evidence upon the whole record, whether it is arbitrary, capricious or unreasonable, or whether the Commission abused its discretion. *M.V. Marine Co. v. State Tax Commission of Missouri,* 606 S.W.2d 644, 647 [1, 2] (Mo. banc 1980). However, where the facts are essentially undisputed, and the Commission's decision is clearly based upon its interpretation of the law, the Commission's judgment is a matter for the independent judgment of the reviewing court. *Id.*

The first task is to determine the proper test for a fixture in the context of the real property tax. Although the elements of a fixture have frequently been discussed, whether an item has become a fixture for real estate tax purposes is an issue which has not been addressed by Missouri appellate courts. Cf. *State ex rel. Otis Elevator Co. v. Smith,* 357 Mo. 1055, 212 S.W.2d 580 (Mo. banc 1948) (sales tax); *City of St. Louis v. Smith,* 342 Mo. 317, 114 S.W.2d 1017 (1937) (sales tax).

■ In cases of common ownership, in which the annexor owns both the land and the attached chattel, the elements of a fixture are annexation to the realty, adaptation to the location, and the intent of the annexor at the time of the annexation. *See Cattoor v. Wells,* 641 S.W.2d 492, 494[2–5]

(Mo.App.1982). The last element is generally regarded as the most important. *Id.*

■ Whether the annexor intended at the time of the annexation to make the article a permanent accession to the land is an objective test, to be determined from the annexor's acts and conduct and the surrounding facts and circumstances. *See Bastas v. McCurdy,* 266 S.W.2d 49, 51–52[6, 7] (Mo.App.1954).

■ The same test, the objective test of the annexor's intent, should be applied in tax cases:

It has previously been shown that the proper test of a fixture in the common ownership cases and, where third persons without notice are involved, the divided ownership cases is the intention test, objectively applied. What would the reasonable person consider part of the land so as to pass with a deed or mortgage? It seems only proper that the same test should apply here. If the fixture is apparently part of the realty, the assessor is justified in relying on its appearance regardless of the existence of secret agreements for retention of title or a right of removal under the doctrine of trade fixtures. If the parties wish to avoid the more drastic consequences of the rule they need only give the assessor proper notice of separate ownership of such fixtures. The assessor has a job to do; he should not be compelled to make a laborious inquiry into the possible real or personal nature of annexations. Simple expediency requires that he be allowed to rely on the apparent character of assessed land or chattels.

V American Law of Property § 19.13 (1952).

The issue is thus whether Oberjuerge annexed the overhead cranes to the realty, adapted them to the location and intended at the time of the annexation to make the cranes permanent accessions to the land.

■ The cranes were only slightly attached to the building because they were electrically wired into the beams and moved about along the tramrails. That the annexation may be slight or easily displaced will not, however, prevent an article from being a fixture if the article is adapted to the proper use of the building and was placed in the building by the owner with the intent of forming a part of the special object and design for which the building was constructed. See *Banner Iron Works v. Aetna Iron Works,* 143 Mo. App. 1, 122 S.W. 762, 764 (1909); *St. Louis Radiator Mfg. Co. v. Carroll,* 72 Mo.App. 315, 319 (1897). Thus, the undisputed facts point to annexation of the cranes to the building.

The element of adaptation is also proved by essentially undisputed facts. The building was designed and constructed so that the cranes could be used in it. The cranes perform an important function in moving about Oberjuerge's stock in trade, rubber conveyor belts. The overhead cranes are thus adapted to the proper use of the building and fulfill part of the special object and design for which the building was constructed.

The last element, intent, is of paramount importance. *State ex rel. State Highway Commission v. Wally Hutter Oil Co.,* 467 S.W.2d 279, 282[4, 5] (Mo.App.1971). Here, intent may be inferred from the fact that the cranes were suited for use in the building, which was specifically designed to use and accommodate them. See *Banner Iron Works v. Aetna Iron Works, supra.* Moreover, Oberjuerge's operations manager testified that the cranes were installed for use in the business and are actively used in the business.

Some evidence was adduced which might lead one to infer a lack of intent: Oberjuerge apparently treated the cranes separately from the building for federal income tax purposes and the building was constructed before the cranes were purchased. There was, however, substantial and competent evidence to support the Commission's finding of intent.

The overhead cranes are thus fixtures. Oberjuerge argues, however, and the circuit court found, that the cranes are trade

fixtures, cf. *Blackwell Printing Co. v. Blackwell-Wielandy Co.*, 440 S.W.2d 433, 438[6] (Mo.1969), and therefore taxable only as tangible personal property. This court declines to exempt Oberjuerge's cranes from the real property tax as trade fixtures.

The overhead cranes are not trade fixtures. The distinction between ordinary fixtures and trade fixtures applies only in the context of the landlord-tenant relationship. *Cusack v. Prudential Insurance Co.*, 192 Okl. 218, 134 P.2d 984, 989[7] (1943). "The doctrine of trade fixtures ... is not applicable in the case of annexations made by the owner of the land." 35 Am. Jur.2d, Fixtures § 3 (1967).

The judgment of the circuit court is reversed and remanded and the Circuit Court directed to enter judgment affirming the decision of the Commission.

KELLY, P.J., and STEWART, J., concur.