**CUIVRE RIVER ELECTRIC COOPERATIVE, INC.,**
Respondent,

v.

**STATE TAX COMMISSION OF MISSOURI, Appellant.**

No. 70814.

Supreme Court of Missouri,
En Banc.

April 18, 1989.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellant.

Rodric A. Widger, Jefferson City, for respondent.

J. Kent Lowry, Hallie H. Gibbs II, Jefferson City, for amicus curiae.

ROBERTSON, Judge.

Cuivre River Electric Cooperative, Inc., (Cuivre River) sought a declaratory judgment that an order of the State Tax Commission (the Commission) directing all assessing officers and county boards of equalization to classify and assess the installed poles, wires, transformers, substations, and other operating property of Rural Electric Cooperatives as real property for taxing purposes exceeded the Commission's authority. Cuivre River also averred that if the Commission's order did not exceed its authority, the order erroneously interpreted Section 137.010(3), RSMo 1986. The trial court ruled that the Commission exceeded its authority in issuing the order, and that if the order did not exceed the Commission's authority, it incorrectly applied the law.

The Commission appealed. The Court of Appeals, Western District, transferred the case to this Court pursuant to Art. V, § 11 of the Missouri Constitution on the basis that the issue involved the construction of the revenue laws of this state. We have jurisdiction. Mo. Const. art. V, § 3. Affirmed in part, reversed in part.

## I.

Cuivre River is a cooperative corporation organized under Chapter 394, RSMo 1986, for the purpose of distributing retail electrical energy to its members in Lincoln, St. Charles, Pike, Warren, and Montgomery counties. Cuivre River constructs, maintains, and operates electric distribution facilities to supply electricity to persons desiring electric service upon approval of their application and their payment of the membership fee. Distribution lines are constructed along, across, upon, and over public thoroughfares subject to restrictions imposed by respective authorities having jurisdiction thereof. A small percentage of the distribution lines and equipment are located on public-rights-of-way; most of the lines are on private lands. Cuivre River maintains 3,200 miles of power lines, 26,000 meters, 44,000 poles, and 15,500 transformers.

The trial court found that Cuivre River's substations are not attached to the ground and the poles, transformers and other operating equipment are not permanent in their location. The trial court further found that Cuivre River's poles, lines and other equipment are not annexed to real property "because they are periodically removed and transferred to other locations and they are not specifically and permanently attached to any particular parcel of real property." Further, the poles, lines and other equipment do not "become an integral part of any real property ... because the character of the real property is not changed by the placement of the [equipment]...." Finally, the trial court found that neither Cuivre River nor the owner of the domi-

nant estate through which its easement runs intend that the equipment become a permanent part of the real estate.

For purposes of this case, the Commission operates pursuant to powers granted in Section 138.410, RSMo 1986. On November 1, 1984, the Commission sent to all county assessing officials the following letter advising them of the statutory definition of real property which included "electric poles and wire."

November 1, 1984

TO: All County Assessors

RE: Property Classification for Ad Valorem Taxes

It has been brought to the Commission's attention that there are questions concerning the classification of property for tax purposes as real or personal.

Section 137.010(3), RSMo Cum.Supp. 1983, provides "Real property includes land itself, whether laid out in town lots or otherwise, and all growing crops, buildings, structures, improvements and fixtures of whatever kind thereon, and all rights and privileges belonging or appertaining thereto." Section 137.010(4) provides "Tangible Personal Property includes every tangible thing being the subject of ownership or part ownership whether animate or inanimate other than money, and not forming part or parcel of real property as herein defined, but does not include household goods, furniture, wearing apparel and articles of personal use and adornment, as defined by the state tax commission, owned and used by a person in his home or dwelling place."

"Improvement" is work done or thing built or placed upon land, rendering it more fit for use, and more capable of producing income.

"Structure" means a thing built, erected or fabricated, any construction composed of parts or portions which have been put together by human exertion. It may be below the surface of the ground as well as above it.

"Building" is a structure designed and suitable for habitation or sheltering human beings or animals, sheltering or storing property, or for use in an occupation, trade or manufacture.

"Fixtures" are personal property which, under certain circumstances, become a part and parcel of real property and thereafter assume the status of real property. Three elements are examined in classifying an item a fixture: annexation, adaptation and intent to join the personalty to the realty.

Real property under this definition includes billboards, telephone or electric poles and wires, gas and water distribution property, cable television cables, and fixtures, trade or otherwise. This list is not exhaustive, but given as an example only.

STATE TAX COMMISSION OF MISSOURI

On July 26, 1985, the Commission issued and sent to all county assessors and boards of equalization the following order restating the statutory definition and ordering the officials to assess as real property the installed poles, wire, transformers, substations, and other operating property of electric cooperatives.

TO ALL COUNTY ASSESSORS AND BOARDS OF EQUALIZATION

ORDER

1.1 The State Tax Commission exercises general supervision over all assessing officers of this state, over county boards of equalization and appeal in the performance of their duties under Chapter 138, RSMo, and over all laws concerning the general property tax. Section 138.410, RSMo 1978.

1.2 County assessing officials and Commission field staff have informed the Commission that there are questions concerning the classification of property for tax purposes as either real or personal.

1.3 Section 137.010(3), RSMo Cum. Supp.1984, provides "Real property includes land itself, whether laid out in town lots or otherwise, and all growing crops, buildings, structures, improvements and fixtures of whatever kind thereon, and all rights and privileges be-

longing or appertaining thereto." Section 137.010(4) provides "Tangible personal property includes every tangible thing being the subject of ownership or part ownership whether animate or inanimate other than money, and not forming part or parcel of real property as herein defined, but does not include household goods, furniture, wearing apparel and articles of personal use and adornment, as defined by the state tax commission, owned and used by a person in his home or dwelling place."

"Improvement" is work done or thing built or placed upon land, rendering it more fit for use, and more capable of producing income.

"Structure" means a thing built, erected or fabricated, any construction composed of parts or portions which have been put together by human exertion. It may be below the surface of the ground as well as above it.

"Building" is a structure designed and suitable for habitation or sheltering human beings or animals, sheltering or storing property, or for use in an occupation, trade or manufacture.

"Fixtures" are personal property which, under certain circumstances, become a part and parcel of real property and thereafter assume the status of real property. Three elements are examined in classifying an item a fixture: annexation, adaptation and intent to join the personalty to the realty.

Real property under this definition includes billboards, telephone or electric poles and wires, gas and water distribution property, cable television cables, and fixtures, trade or otherwise. This list is not exhaustive, but given as an example only.

1.4 THE STATE TAX COMMISSION HEREBY ORDERS all county boards of equalization to classify property as either real or personal in accord with the above definition, and specifically to review the assessment books and to insure that installed poles, wire, transformers, substations and other operating property set out in the Commission's May, 1984, guidelines on the appraisal of electric cooperative property, are assessed on the real property rolls.

1.5 The Administrative Secretary of the Commission shall serve a certified copy of this Order upon each assessor and county board of equalization in this state.

1.6 This Order shall become effective on the 26th day of July, 1985.

STATE TAX COMMISSION OF MISSOURI

Cuivre River filed its declaratory judgment action on September 18, 1985, in two counts asking that its operating property be declared tangible personal property for tax purposes and requiring the Commission to withdraw its Order. The circuit court found in favor of the cooperative; the Commission appealed.

## II.

### A.

■ Cuivre River argues that the Commission's order is tantamount to an assessment of its property and that the Commission has no authority to assess the property of electric cooperatives. *State ex rel. Howard Electric Cooperative v. Riney*, 490 S.W.2d 1 (Mo.1973).

Assessment of property for ad valorem taxes involves two distinct acts: (1) the preparation of a roll or list of all the property subject to the tax, and (2) the valuation of such property. This assessment must be the formal act of an officer or a board of officers elected or appointed for the purpose, and must be made a matter of record so that the owner of the property assessed may have means of ascertaining definitely the fact that it has been assessed and the amount of the assessment.

72 Am.Jur.2d *State and Local Taxation* § 706 (1974). A valid assessment requires both acts. *State ex rel. Halferty v. Kansas City Power and Light Company*, 346 Mo. 1069, 145 S.W.2d 116, 120 (1940). The Commission's order does not exercise the power of original assessment. It directs the assessing officers to conform their as-

sessments to the order. Matters of valuation are left to local assessors. The Commission's order is not an assessment of Cuivre River's property.

### B.

 Cuivre River next argues that the Commission's order exceeds its authority. Again, we disagree.

Section 138.410.1, RSMo 1986, provides:

The commission shall exercise general supervision over all the assessing officers of this state, over county boards of equalization and appeal in the performance of their duties under this chapter and all other laws concerning the general property tax and shall institute proper proceedings to enforce the penalties and liabilities provided by law for public officers, officers of corporations and individuals failing to comply with the provisions of this chapter and of all laws relating to the general property tax.

In *State ex rel. Cassilly v. Riney,* 576 S.W.2d 325, 328 (Mo. banc 1979), this Court held that the Commission had authority to enforce the "laws relating to the general property tax." The Court said, "[w]e are aware of the complexities of the property tax law and acknowledge the wisdom of the General Assembly in providing an administrative agency to deal with this specialized field." *Id.* at 328. The Court found that the Commission not only had supervisory authority over the assessing officers of the state, but also had authority to enforce the laws.

*Cassilly* rules this case. We hold that the Commission's authority includes the power to issue orders attempting to assure a uniform treatment of property throughout the state. To the extent that the trial court's order adopts a contrary view, it is reversed.

### III.

 We turn now to consider the trial court's judgment on the property characterization issue. We review under the standard announced in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). On factual issues, the "judgment of the trial court will be sustained ... unless there is no substantial evidence to support it [or] unless it is against the weight of the evidence...."

Section 137.010, RSMo 1986, reads in pertinent part:

(3) "Real property" includes land itself, whether laid out in town lots or otherwise, and all growing crops, buildings, structures, improvements and fixtures of whatever kind thereon, and all rights and privileges belonging or appertaining thereto;

(4) "Tangible personal property" includes every tangible thing being the subject of ownership or part ownership whether animate or inanimate ... and not forming part or parcel of real property as herein defined....

The Commission argues that the operating equipment in question is either a structure or a fixture. As to the former, the Commission relies on *State ex rel. Thompson v. Osage Outdoor Advertising, Inc.,* 674 S.W.2d 81 (Mo.App.1984). That case involved the assessment of a billboard. The court held a billboard was a structure and thus real property for assessment and ad valorem property taxation purposes. *See also State ex rel. Weatherby Advertising Company, Inc. v. Conley,* 527 S.W.2d 334 (Mo. banc 1975) (outdoor advertising signs are structures for condemnation purposes); *Easy Living Mobile Manor, Inc. v. Eureka Fire Protection District,* 513 S.W.2d 736 (Mo.App.1974) (trailer park pads are structures for purposes of a fire ordinance); *Greenberg v. Koslow,* 475 S.W.2d 434 (Mo. App.1971) (swimming pool is a structure).

The Commission argues that Cuivre River's operating property is a structure because it is carefully designed, constructed, and maintained on property in which the cooperative has an easement. It is composed of parts joined together by human exertion and fixed in place for the physical life of the property. The Commission contends that the whole system is an interconnected and integrated structure.

The Commission alternatively argues that the poles, lines, and equipment of the cooperative are fixtures. To find that per-

sonal property has become a fixture, it must be shown that such property is annexed to the realty, adapted to the location, and that the annexor intends that it become a fixture at the time of the annexation. *Oberjuerge Rubber Company v. State Tax Commission of Missouri*, 674 S.W.2d 186, 187 (Mo.App.1984). In *Oberjuerge*, the court found that overhead cranes added to a building were fixtures despite the owner's argument that he did not intend for them to be fixtures. The court said "[w]hether the annexor intended at the time of the annexation to make the article a permanent accession to the land is an objective test, to be determined from the annexor's acts and conduct and the surrounding facts and circumstances." *Id.* at 188. The necessary intent could be inferred from the fact that the cranes were suited for use in the building, which was specifically designed to use and accommodate them. On this basis, the Commission asserts that Cuivre River's operating property has become a fixture because it is annexed to the land, adapted to its location, and was intended to be left in place when installed.

The law in this area is well settled. The question whether property is a structure or a fixture, however, is a question of fact. The Commission's argument turns on its own interpretation of the facts. The Commission's interpretation of the facts is however, contrary to the trial court's findings.

Under the statute, property which does not form "part and parcel of real property [as defined in Section 137.010(3)] ..." is personal property. Section 137.010(4), RSMo 1986. The trial court expressly found that to the extent the poles, lines, and equipment could be considered structures, they are not structures "forming part or parcel of real property." The trial court also found that "[p]laintiff's poles, lines and other equipment do not become an integral part of the property...." The court further found that neither Cuivre River nor the owners of the property

through which its easements lie intend that the "poles, lines and other equipment become a permanent fixture on the land."

We have carefully reviewed the record in this case. The decision of the trial court is supported by competent and substantial evidence. On the issue of the character of Cuivre River's property, the judgment of the trial court declaring it personal property is affirmed.[1] *Murphy v. Carron*, 536 S.W.2d at 32.

## IV.

For the reasons stated, the judgment of the circuit court is affirmed in part and reversed in part.

All concur.

---

1. Since determining whether property is a structure or fixture is strictly a factual question, the reviewing court is constrained by the standard of review applicable to factual questions. The circuit court made its findings of fact in a contested case while the Commission merely issued its order interpreting the statute as being broad enough to cover all such property owned by any cooperative.